### SUPERIOR SMOKELESS COAL & MINING CO. et al. v. HISE et al.

No. 12970—Opinion Filed Jan. 2, 1923.

Rehearing Denied March 20, 1923.

(Syllabus.)

**1. Master and Servant — Workmen's Compensation—Injuries Included.**

Under the provisions of the Workmen's Compensation Act, an injury must arise out of and in the course of employment before an award can be made by the commission.

**2. Same—"Arising Out of Employment."**

An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. If the injury can be said to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment.

**3. Same—Decisions—Finality as to Facts.**

The decision of the Industrial Commission as to all matters of fact is final.

**4. Same — Injuries to Miner En Route to Work.**

When a claimant, who was employed as a miner, was coming to his work, and, while traveling along the customary road, slipped on the frozen ground and sprained his wrist, the decision of the Industrial Commission that the injury arose out of and in the course

of employment will not be disturbed on appeal.

Error from the Industrial Commission.

Action by the Superior Smokeless Coal & Mining Company and Consolidated Underwriters to review award of workman's compensation to Mason K. Hise. Affirmed.

Moss & Tumilty, for petitioners.

C. C. Williams and H. V. Lewis, for respondents.

COCHRAN, J. This action was commenced in this court by the petitioners to review an award made to Mason K. Hise by the State Industrial Commission. The Industrial Commission found that the claimant was in the employment of the Superior Smokeless Coal & Mining Company and was engaged in a hazardous occupation within the meaning of the statute, and, while in such employment, the claimant received an accidental injury on February 23, 1921; and ordered the Superior Smokeless Coal & Mining Company to pay to claimant the sum of $108, together with medical expenses.

The claimant was employed as a miner, and while coming to his work slipped on the frozen ground and sprained his wrist. The claimant lived about four miles from the mines, and at the time of the injury was within a quarter of a mile of the mines, traveling along a road which was customarily used by the miners in going to and from their work. This road, however, was not the only means of ingress and egress to the mine, and was not constructed or maintained by the petitioners. There is some question as to whether the place where the accident occurred was on property belonging to or under the control of the petitioner. The finding of the Industrial Commission being a general finding, and there being some evidence in the record tending to show that the accident occurred on premises controlled by the petitioner, the finding of the commission will be considered as a finding that the injury occurred on premises controlled by petitioner.

The case, then, presents for determination the right of the claimant to compensation for an injury received while traveling on a road a quarter of a mile distant from his place of work and on premises controlled by the petitioner, and while the claimant was on his way to his work traveling along the customary road used by him and other employes in going to their work.

There is a considerable conflict among the authorities on this question, and it is our opinion the correct rule is that adopted by

the Supreme Court of Massachusetts in Re: McNicol (Mass.) 102 N. E. 697, viz.:

"It (the injury) arises 'out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be said to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment."

In Re Stacy (Mass.) 114 N. E. 206, the court said:

"While the employes work for the day had been finished and he was on his way home at the time of the fatal accident, still it is settled that an injury to a workman may arise out of and in the course of his employment even if he is not actually working at the time of the injury."

As to whether an injury arose out of and in the course of the employment is a question of fact to be determined by the Industrial Commission under the facts and circumstances of each particular case. guided by the rule above stated.

In the case of Wilson Lumber Co. et al. v. Wilson et al., 77 Okla. 312, 188 Pac. 666, this court held:

"In a suit instituted in this court to review an award made by the State Industrial Commission, the suit must be to review the errors of law, and not an error of fact. The decision as to all matters of fact is final."

This court being of the opinion that there is sufficient evidence to warrant the Industrial Commission in finding that the injury occurred in the course of the employment, the award of the commission is affired.

HARRISON, C. J., and KANE, JOHNSON, and NICHOLSON, JJ., concur.