## SOUTHERN SURETY CO. et al. v. GALLOWAY et al.

No. 12220—Opinion Filed March 13, 1923.

(Syllabus.)

1. Master and Servant — Workmen's Compensation—"Injury Arising Out of Employment."

An injury does not arise out of the employment within the meaning of section 7285, Comp. Stats. 1921, unless it results from a risk reasonably incident to the employment and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between conditions under which the work is required to be performed and the resulting injury.

2. Same—Injury Noncompensable.

Where an employe is engaged in driving a team in constructing street paving and drives the team on to the parking under the direction of the foreman, and then leaves his team and goes diagonally across the street to a bread wagon to get something for his lunch, and, while returning from the bread wagon to the place where he had left his team, is struck by an automobile driven by a person not employed by the construction company, the accident does not arise out of the employment and is not compensable under the Workmen's Compensation Act.

Error from Industrial Commission.

Action by the Southern Surety Company and another to reverse award of workman's compensation to Smith M. Galloway. Reversed and remanded, with directions.

Stanard & Ennis, for petitioners.

Geo. F. Short, Atty. Gen., Kathryn Van Leuven, Asst. Atty. Gen., and Omer R. Young, for respondents.

COCHRAN, J. This action was commenced in this court to review the decision of the State Industrial Commission wherein respondent was allowed compensation for a broken leg. The agreed facts show that respondent was employed by the A. R. Young Construction Company, one of the petitioners, as a laborer, and on the date of the injury was working on a grading plow.

The A. R. Young Construction Company was engaged in constructing paving on G. street. About 11 o'clock in the morning, the foreman of the company ordered respondent to drive his team, with grading plow attached, up on the parking west of that part of G street which was being improved, where the plow would be out of the street and out of the way of the wheel scraper. In compliance with this instruction, the respondent drove his team, with plow attached, to the place designated. About that time a bread wagon drove up on First street and stopped near the intersection of G street and First street, and respondent left his team and plow and went diagonally across G street to the bread wagon to get something for his lunch, and while returning from the bread wagon and while still in First street, he was struck by an automobile driven by John Smith and received the injury for which he was allowed compensation by the Industrial Commission. Smith was not employed by the Young Construction Company and was not connected with such company in any way.

The question presented for determination is whether this injury is one arising "out of and in the course of his employment" within the meaning of section 7285, Comp. Stat. 1921. In the case of Willis v. State Industrial Commission, 78 Okla. 216, 190 Pac. 92, this court held that where an employe, during an interval in his work, was warming himself by a fire on the premises of the employer and was injured by the explosion of a piece of dynamite containing a cap brought there by a fellow employe, the injury arose out of and in the course of his employment, and in the opinion we find the following quotation from Honnold on Workmen's Compensation, vol. 1, sec. 101.:

"In other words, even though the injury occurred 'in the course of' the employment, if it did not arise 'out of the employment,' there can be no recovery. Yet, in the words of an English jurist: 'If you find that the accident arose in the course of the employment, you may have gone a certain way towards finding that it arose out of the employment, but you have not gone the whole way. The words out of point to the origin and cause of the accident or injury; the words 'in the course of' to the time, place, and circumstances under which the accident or injury takes place. The former words are descriptive of the character or quality of the accident: the latter words relate to the circumstances under which an accident of that character or quality takes place. The character or quality of the accident as conveyed by the words 'out of' involves the idea that the accident is in

some sense due to the employment. It must result from a risk reasonably incident to the employment."

In the case of Superior Smokeless Coal & Mining Co. v. Hise and State Industrial Commission, No. 12970, decided Jan. 2, 1923 (89 Okla. 70, 213 Pac. 303), this court held that as to whether the injury arose out of and in the course of the employment is a question of fact to be determined by the Industrial Commission under the facts and circumstances of each particular case, guided by the following rule:

"It (the injury) arises 'out of' the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be said to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment."

But the facts in the instant case do not bring the case within the rule announced either in Willis v. Industrial Commission or Superior Smokeless Coal & Mining Co. v. Hise, as in the first case the injury was inflicted by a fellow employe and on the premises of the employer, and in the latter case there was testimony upon which the Industrial Commission found that the injury was sustained while on the premises of the employer.

If the injury is sustained while on the employer's premises and in the course of the employment, it has generally been held to arise out of the employment. This general rule is stated in Bradbury's Workmen's Compensation, page 473, as follows:

"If an employe has reached his employer's premises on his way to work or is still on such premises on his way home and meets with an accident, usually it will be held that it arises out of the employment."

We are of the opinion that the injury did not arise out of the employment. Measuring the injury by the rules announced in the foregoing decision of this court, it cannot be said that this accident was in any sense due to the employment, or that it resulted from a risk reasonably incident to the employment; neither can it be said from a consideration of all the circumstances that there is apparent to the rational mind a causal connection between conditions under which the work was required to be performed and the resulting injury, or that the in-

jury followed as a natural incident to the work and was such as to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment.

In Clark v. Voorhees (N. Y.) 131 N. E. 553, the court said:

"I am of the opinion that the injuries which Clark received, and which resulted in his death, did not arise out of and in the course of his employment. The words 'arising out of and in the course of the employment' have a clear and definite meaning, and an award can be made under the statutes only when the injuries arise out of both. Matter of Schultz v. Champion Welding & Mfg. Co., 230 N. Y. 309, 130 N. E. 304; Matter of Dailey v. Bates & Roberts, 224 N. Y. 126, 120 N. E. 118; Matter of Heitz v. Ruppert, 218 N. Y. 148, 112 N. E. 750, L. R. A. 1917 A 344. This injury did not arise out of either. When the decedent left the employer's place of business for the purpose stated, and while walking in the street, he was not doing anything which he was employed to do; nor was it anything incident to or connected with the employment. It was no more a part of his employment than it would have been had he started for his own home for the purpose of getting his breakfast. The business of the employer ended when he got into the street. Armstrong, Whitworth & Co. v. Redford (1920) App. Cas. 757; Davidson v. M'Robb (1918) App. Cas. 304. While on his way to the restaurant, he was engaged in his own personal affairs."

The holding in the above case finds support in the following cases: Frank Pearce v. Industrial Commission et al. (Ill.) 132 N. E. 440; Hills v. Blair et al. (Mich.) 148 N. W. 243; Draper v. University of Michigan (Mich.) 161 N. W. 956.

The award of the Industrial Commission is reversed, and cause remanded, with directions to dismiss the petition.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.