## SAPULPA REFINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 14071—Opinion Filed May 29, 1923.

**1. Master and Servant — Workmen's Compensation Law—Injuries Compensable.**

Under the provisions of the Workmen's Compensation Act, an injury must arise out of and in the course of employment before an award can be made by the commission.

**2. Same—"Injuries Arising Out of Employment."**

An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury. And, if the injury occurred under circumstances contemplated by the contract and under the customary conditions known and approved by the employer, then it arises out of the employment.

**3. Same — Question of Fact — Decision of Commission Final.**

The decision of the Industrial Commission as to all matters of fact is final.

**4. Same.**

When a claimant, who was employed as a pipe-line walker, was coming to his work and was traveling along the customary road

and in the customary way and within the time after his day's work began, was run over by a truck and his leg crushed, the decision of the Industrial Commission, that the injury arose out of and in the course of the employment, will not be disturbed on appeal.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from Industrial Commission.

Action by the Sapulpa Refining Company and Consolidated Underwriters to reverse award of Workman's Compensation. Affirmed.

Simpson, Hummer & Foster, for petitioners.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by THOMPSON, C. This action was commenced in this court by the petitioners to review an award made to C. O. McIntosh by the State Industrial Commission.

The Industrial Commission found that the claimant was in the employment of the Sapulpa Refining Company and was engaged in a hazardous occupation, within the meaning of the statute, and that while in such employment, and in the course of his employment, the claimant received an accidental injury on the 20th day of February, 1922, and ordered the Sapulpa Refining Company to pay to claimant, as compensation, the sum of $15.85 per week, beginning February 20, 1922, and continuing weekly until the termination of his disability, or until otherwise ordered by the commission. The claimant was employed as a pipeline walker, and when coming to his work he got a ride on a truck belonging to the Prairie Oil & Gas Company, and when within about 15 or 18 feet of the pipe line he descended from the truck and started to walk to the pipe line, and a trailer hit him, crushing his leg. The accident took place about eight o'clock in the morning. The claimant lived about four miles from the pipe line at the time of the injury. That when he was employed, the superintendent of the company told him that his time started from the time he left his home, and ended when he got back home, having completed walking the line. The testimony of the claimant and four other pipeline walkers was that it was customary, and the company knew of the custom, for the pipe-line walkers to ride to their place of work, if they could get a ride. The testimony of the district foreman of the petitioner stated that was the rule established

by a former superintendent of petitioner, and that the pipe-line walkers were subject to call any time, and had orders if there were a break in the line to get there as quickly as possible and by any means possible; and there is no contradiction offered by the petitioner to the evidence above set out.

The petitioner complains:

"(1) That the Industrial Commission erred in making the award for the reason that the evidence conclusively shows that the injury sustained by the respondent did not arise out of and in the course of his employment."

"(2) That the award is contrary to law and not sustained by any evidence."

The attorneys for petitioners cite numerous authorities from other states upon the propositions involved, but, upon examination of the statutes of these states, we find that in some of the states where these decisions were rendered, the statute law is not the same as that of our state, and they do not discuss the statute of our state, which is as follows:

"The decision of the commission shall be final as to all questions of fact, and except as provided in section 7297 of this article, as to all questions of law." Section 7294, Comp. Stats. 1921.

This court has repeatedly held:

"In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final." Wilson Lumber Co. et al. v. Wilson et al., 77 Okla. 312, 188 Pac. 666.

And this court has held:

"The decision of the commission is final as to all questions of fact, and the Supreme Court is not authorized to weigh the evidence upon which any finding of fact is based." Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750; Mullen v. Mitchell, 81 Okla. 201, 197 Pac. 171.

The attorneys for petitioners cite the case of Southern Surety Co. v. Galloway, decided March 13, 1923, 89 Okla. 45, 213 Pac. 850, as being conclusive in this case. The facts of that case are entirely different from the facts in this case. In that case the employe left his place where he was at work and went on a private errand of his own, off the premises, and was not engaged in his master's business. In the instant case the employe was going to his place of business, in the customary way known to his employer, his time having begun at the time he left home.

In the last opinion on this subject, which was handed down on January 2, 1923, and a motion for rehearing filed, and on the 20th day of March, 1923, the motion for rehearing was denied this court, in case No. 12870. Superior Smokeless Coal & Mining Company et al. v. Hise et al., 89 Okla. 70, 213 Pac. 303, in the third paragraph of the syllabus of the case, says:

"The decision of the Industrial Commission as to all matters of fact is final."

And, in the body of the opinion, the court says:

"As to whether an injury arose out of the course of the employment is a question of fact to be determined by the Industrial Commission under the facts and circumstances of each particular case.".

The Industrial Commission, upon the undisputed facts presented, showing that the claimant's time of service began at the time he left home to go to his work and after his work was completed until his return home, and that he was going to his work in the customary way, known to his employer and was within 15 or 18 feet from the line he was to walk, when he received the injury complained of, found as a matter of fact that he was in the employment of the company and in the course of his employ when he received the accidental injury, and that he was entitled to the amount awarded.

This court being of the opinion that there is sufficient evidence to warrant the Industrial Commisson in its finding of fact that the injury occurred in the course of the employment, and that this finding is conclusive on this court, the award of the Industrial Commission is affirmed.

By the Court: It is so ordered.