Note.—See under (1) 4 C. J. p. 924, §2897; p. 1167, §3190. (2) 3 C. J. p. 694, §584; p. 718, §618; 4 C. J. p. 662, §2556; 2 R. C. L. pp. 79-82; 1 R. C. L. Supp. p. 388; 4 R. C. L. Supp. p. 79; 5 R. C. L. Supp. p. 86. (3) 4 C. J. p. 864, §2839; 2 R. C. L. p. 143; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.

## RYAN v. STATE INDUSTRIAL COM. et al.

No. 18048.   Opinion Filed Nov. 15, 1927.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Injuries "Arising Out of Employment."**

An injury does not arise out of the employment within the meaning of the Workmen's Compensation Act of the state of Oklahoma unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.

**2. Same—Conclusiveness of Industrial Commission's Decision upon Appeal.**

The question of whether or not an injury arose out of and in the course of employment is a question of fact to be determined by the Industrial Commission under the circumstances of each particular case, and where there is any testimony reasonably tending to support said finding, it will not be disturbed on appeal.

**3. Same—Refusal of Award Sustained.**

Record examined, and sufficient evidence found to support the finding of the Industrial Commission.

Commissioners' Opinion, Division No. 1.

Action to review decision of the State Industrial Commission of the state of Oklahoma, in which one Dewey Robert Ryan was denied compensation on the grounds that the injury did not arise out of and in the course of his employment. Affirmed.

Hagan & Gavin, for petitioner.

V. E. McInnis and Fred Hanson, Asst. Atty. Gen., for respondents.

FOSTER, C. This is an appeal from an order of the State Industrial Commission made on the 23rd day of November, 1926, denying to Dewey Robert Ryan compensation for the loss of an eye alleged to have been caused by an accident while the said Ryan was employed by the defendant Public Service Company of Tulsa.

The plaintiff in error, Dewey Robert Ryan, will hereinafter be referred to as claimant, and the defendant in error, Public Service Company, as the company.

The facts are substantially as follows: The injury complained of in this action occurred while the claimant was playing "catch" with a baseball on a vacant lot in Tulsa belonging to the company. The

claimant was employed as a meter reader, and had been so employed for more than a year prior to the time of the accident. Before noon on April 19, 1926, the day of the accident, claimant, while engaged in his regular duties, broke a plate on one of the meters and it was necessary for him to go to the supply house of the company to get a new plate. He had an hour off at noon, and as soon as lunch was over he started to the supply house for the purpose of getting the plate. On his way to the supply house he stopped at the office of Mr. Clear, who was superintendent of the linemen of the defendant company, and there met several other employees of the company, and a suggestion was made that they play ball for a while. They secured a baseball and were playing catch on the lot above referred to during part of the hour the plaintiff had off for lunch, when he was struck in the eye with a ball which caused him to lose the sight of his right eye.

It appears from the testimony of the claimant that, prior to the time of his employment with the company, he had a conversation with Mr. Clear, above referred to, in which it was stated to him that the company was desirous of securing the services of a man who was a good baseball player, and that he went to the ball grounds at the University of Tulsa where the employees of the company were practicing baseball. There was a baseball league in the city of Tulsa in which the employees of the different companies each had a team, and that one of the teams belonging to this league was known as the "Public Service Company team." The claimant testifies that after he had demonstrated his ability to play baseball, he was employed by the company as meter reader; that he played baseball on the team of the company during the year 1925, and was practicing for the season of 1926 at the time the injury occurred.

The evidence of Mr. Clear and Mr. Bradford, who testified for the company, shows that the company did not directly support the team; that the players themselves raised the money with which to buy their suits, clubs, balls and other equipment from dances and punch boards conducted by the players, and that the company was not directly interested in the team, and the rules were governed by the Amateur Athletic Association of Tulsa, and in no way connected with the defendant company; that two or three of the players on the Public Service team were not employees of the company during the year 1926. However, Mr. Clear admitted on cross-examination that the reason for the claimant's employment was principally his ability to play baseball. Mr. Clear, superintendent of the linemen, was manager of the team, and Mr. Ryan, claimant, was captain, both of whom were elected by the members of the team. The company by way of donation, however, after the accident, paid the entrance fee of the team in the city league of Tulsa for the year 1926.

Since there is no contention as to the cause of the injury, and it is admitted that the injury caused the loss of the claimant's eye, the only question presented is, whether under the Workmen's Compensation Act of the state of Oklahoma the injury of the claimant arose out of and in the course of his employment.

The claimant sets up in his petition for review several assignments of error, but all the discussion is confined to the proposition as above stated.

The clause "arose out of and in the course of employment," is in practically every Compensation Law that exists in the United States, as well as in the Compensation Law of England, and the identical question here presented has been before practically all the state courts of this country as well as the English court.

The generally adopted rule is that the terms "arising out of" and "in the course of," are not synonymous, but are conjunctive terms; the words "out of," referring to the origin and cause of the action, and the words "in the course of" to the time, place and circumstances under which it occurred, it being held almost universally that an accident may be "in the course of" employment, and yet not "arise out of" the employment. But in order that a recovery might be had both conditions must exist.

While the cases are not all in harmony, it seems to be a general rule followed by our Supreme Court that an injury does not arise out of the employment within the meaning of the Workmen's Compensation Act unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Southern Surety Co. v. Galloway, 89 Okla. 45, 213 Pac. 850; Superior Smokeless Coal Co. v. Hise, 89 Okla. 70, 213 Pac. 303; Lucky-Kidd Mining Co. v. State Industrial Com., 110 Okla. 27, 236 Pac. 600.

Governed only by this general rule, the question of whether or not an injury arose out of and in the course of employment, is a question of fact to be determined by the Industrial Commission under all the facts and circumstances in each case. Southern Surety Co. v. Galloway, supra; Smokeless Coal Mining Co. v. Hise, supra; and Sapulpa Refining Co. v. State Industrial Com., 91 Okla. 53, 215 Pac. 933.

It has been universally held by this court that, if there is any testimony to support a finding of the Industrial Commission on a question of fact, said finding will be binding upon this court. However, this court has just as consistently held that, where there is no evidence in the record to support the finding of the Industrial Commission, the same will be set aside as a matter of law.

Following these well-established principles of law, we have carefully examined the record in this case and the facts and circumstances, and are of the opinion that there is sufficient evidence reasonably supporting the finding of the Industrial Commission, that the injury complained of under the facts and circumstances as herein set out did not arise out of and in the course of claimant's employment.

Many cases are cited by the claimant, among which is the case of Willis v. State Industrial Com., 78 Okla. 216, 190 Pac. 102, in which an injury resulted from the explosion of a piece of dynamite thrown into a fire by an employee which injured another employee who was warming himself on the premises of the employer during a recess in his work. In the case of Thomas v. Proctor & Gamble (Kan.) 179 Pac. 372, a girl employee was injured while riding on a truck owned by the company, it being shown that the employees were accustomed to riding on said truck on the premises during the noon hour for amusement only, with the consent and knowledge of the company.

The theory on which both of these cases are decided seems to be that during the noon recess it was of benefit to the company to have their employees remain on the premises and near their work so they would be on hand to commence work at the appointed hour. But in the case at bar, no such circumstances are shown, it being at least a disputed question of fact as to whether the company derived any benefit from the ball game.

In cases of this kind, the burden of proof is upon the claimant to show by the evidence that the injury complained of was accidental, and that it arose out of and in the course of his employment. Associated Employers v. Industrial Com., 83 Okla. 73, 200 Pac. 862; Tulsa Street Ry. Co. v. Shoemaker, 106 Okla. 99, 233 Pac. 182.

From an examination of the record we believe that there is sufficient evidence to justify the Industrial Commission in its finding that the injury complained of did not arise out of and in the course of claimant's employment, and for that reason the judgment should be, and is hereby affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.