[Civ. No. 5922. Second Appellate District, Division One.—March 23, 1928.]

FEDERAL MUTUAL LIABILITY INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and GEORGE S. VON WEDELSTAEDT, M. D., Respondents.

Willis J. Morrison for Petitioner.

G. C. Faulkner for Respondents.

YORK, J.—Respondent George S. Von Wedelstaedt, M. D., was awarded compensation for services rendered to a man injured who was a salesman in the employment of Schlueter's, Distributors Maytag Washers, a corporation. The employee was injured while playing baseball as a member of a team known as Schlueter's Baseball Team. Their players wore uniforms furnished and paid for by Schlueter's, with the name "Schlueter's" across the breast of each uniform. This team was composed exclusively of employees of Schlueter's. The employee, one Mocabee, was playing in such a baseball team at the time of his injury, and this baseball team was organized and composed by Schlueter's solely of its own employees for two purposes, namely, (a) to advertise the employer's name and business and (b) recreation for its employees with increased morale. The Commission found as follows:

## "Findings of Fact.

1. Odell Mocabee, defendant employee, while employed as a salesman and baseball player on November 7, 1926, at Los Angeles, California, by Schlueter's Distributors Maytag Washers, a corporation, sustained injury occurring in the course of and arising out of and incidental to said employment as follows: While playing in a game of baseball and sliding into a base, he sustained a Potts fracture of the left leg, more fully described as a complete fracture of internal malleolus and diagonal fracture of fibula of left leg. At said time said employer's insurance carrier was Federal Mutual Liability Insurance Company, and both employer and employee were subject to the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917.

2. The defendant herein had notice or knowledge of said injury within the time required by law and failed or refused to furnish any medical treatment therefor, and the applicant herein is entitled to the reasonable value of the medical treatment he furnished for said injury, which value is hereby fixed in the sum of $105.50, which should be paid directly to said applicant by said insurance carrier.

The above constitutes a part of the medical expenses in the above entitled case, and jurisdiction is hereby reserved to issue supplemental award to allow for bills not included herein."

"Award.

Award is hereby made in favor of George S. Von Wedel-staedt, M. D., applicant, against Federal Mutual Liability Insurance Company, a corporation, defendant, of the sum of $105.50, payable forthwith;

It is ordered that all payments herein awarded shall bear interest at the rate of 7 per cent per annum until paid, beginning with the date of this award; and

It is further ordered that the employer herein be dismissed from this proceeding and discharged from liability herein.

THOS. M. HUNTER
Referee

It is ordered that the above decision be, and it is hereby approved and confirmed and filed in the office of the Industrial Accident Commission, and the parties notified thereof.

Dated at San Francisco, California, this 29th day of August, 1927.

INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA,

JOHN W. CARRIGAN
J. E. OLMSTED
Commissioners.

Attest:

F. B. LORD, Secretary.

(Seal)"

■ The only question here involved is whether or not Dr. Von Wedelstaedt was entitled to payment for his medical services rendered. On the evidence before the Commission they could have found as contended by petitioner for this writ of *certiorari*, but it is equally true that they had evidence to support each of their findings of fact herein, and that being true, we cannot interfere with the award rendered. (*Ryan* v. *State Industrial Comm. et al.*, 128 Okl. 25 [261 Pac. 181]; *Kish* v. *California S. Auto. Assn.*, 190 Cal. 246 [212 Pac. 27]; *Chamberlain* v. *Southern California Edison Co.*, 167 Cal. 500 [140 Pac. 25].)

The award is therefore affirmed.

Conrey, P. J., and Houser, J., concurred.