## SINCLAIR PIPE LINE CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 19695. Opinion Filed Dec. 24, 1928.

W. E. Zeigler and C. L. Canfield, for petitioner.

Edwin Dabney, Atty. Gen., George LaBadie, and Wilson & Duncan, for respondents.

RILEY, J. This is a proceeding in review of an order and award of the State Industrial Commission entered August 4, 1928. Fields was claimant below and the Sinclair Pipe Line Company was respondent. The order presented for review finds that Fields sustained an accidental injury arising out of and in the course of his employment with the respondent and that he was entitled to compensation.

It is agreed that on April 10, 1928, the claimant was employed by respondent as a laborer and that he was assigned the duty of passing sheets of tin from the ground to the roof of a garage that was being constructed by respondent at its pump station near Hulah. Claimant sustained serious injuries while cutting out, by means of a circular saw, a piece of wood from a measuring stick.

Petitioner's one contention is that there is no competent evidence reasonably supporting the finding of the Commission, and the order and award made thereon, that claimant sustained an accidental injury arising out of and in the course of his employment as contemplated by subdivision 7 of section 7284, C. O. S. 1921. Under the contention made, reliance is sought to be had upon the rule announced in Okla.-Ark. Telephone Co. v. Fries, 128 Okla. 295, 262 Pac. 1062, which case sustained the award therein made.

Petitioner recites evidence from which it draws a conclusion that there was no causal connection between the conditions upon which claimant's work was to be done and the resulting injury. In other words, it is urged that claimant took himself completely outside the scope of his employment under his assigned duties in using the circular saw and, therefore, the injury did not "arise out of" and "in the course of" his employment.

On review our only province is to review the evidence to ascertain whether there is any evidence reasonably tending to support the finding as made. Coulter v. Continental Oil Co., 130 Okla. 199, 266 Pac. 463; Okla.-Ark. Telephone Co. v. Fries, supra.

The evidence, narratively stated, is as follows: Claimant was employed as a laborer by the Sinclair Pipe Line Company, and had served in that employment about three years, and had been engaged in that particular job about three months. When injured he was engaged in placing a tin roof on a garage—his sole duty was to pass sheets of tin up to men working on the roof. The supply of material from which he obtained the sheets to be passed up was of different width and it was necessary for him to select sheets of proper width. He had been using a borrowed rule which was missing, so in

order to prepare a measuring stick he picked up a board and attempted to rip off a strip the desired length. He was not told to do this, but he had previously used the circular saw in his employment and he had not been instructed against using the saw and had not heard the foreman tell others employed not to use the saw. In using the saw he received the injuries.

We hold the evidence sufficient to sustain the finding that claimant sustained an accidental injury "arising out of and in the course of his employment." The evidence is sufficient to establish a causal connection between the act wherein the injuries were sustained and his employment.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, CLARK, and HEFNER, JJ., concur.