### INDIAN TERRITORY ILLUMINATING OIL CO. v. GORE et al.

No. 21340. Opinion Filed Oct. 27, 1931.

Clayton B. Pierce and A. M. Covington, for petitioner.

Owen F. Renegar, for respondent.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant, the respondent herein, against the petitioner herein. Hereinafter the parties will be referred to as claimant and petitioner.

The record shows that the claimant went in a truck owned by him to the employment office of the petitioner, seeking employment. He testified:

"Q. Did you go in the employment office? A. Yes, sir. Q. Where did you leave your truck? A. Setting right there by the employment office. Q. You stopped your truck and let it set there and went inside the office? A. Yes, sir."

In the employment office he filled out a form of application for employment. The man in charge of the office sent him to a physician for examination. He rode from the employment office to the office of the physician and back to the employment office with another applicant for employment in a Dodge car belonging to the other applicant. When he got back to the employment office cards were filled out and delivered to him. There is some question as to the purpose and effect of those cards. We do not consider it necessary to determine whether or not they were sufficient to constitute an employment of the claimant by the petitioner. The claimant testified:

"Q. And when you went back to the office, what did you do, if anything? A. He

signed me some cards up. There was a little fellow over in the back room and the fellow who signed the cards to be used, in the front room, and he told me to go down to the pipe line. Q. Was anything said about how you could get down there? A. I told them I had a truck and what about driving down in my truck, and he said to go ahead. I went out to crank my truck and started on down. Q. What happened? A. It back-fired and broke my arm."

—and:

"Q. What were you going to use the truck for? A. I didn't have no place to leave it. Q. You had no place to leave it? A. No, sir. Q. Well, was you expecting him to look out for your truck with his hiring? A. I asked him the question. Q. What question? A. About taking the truck on down to the pipe line, and he said that would be all right. Q. And you started to crank the truck and broke your arm. You never got down to the pipe line then? A. No, I just started to crank it."

—and:

"Q. Mr. Gore, why did you want to take the car down to where this foreman worked—down to this pipe line? A. Well, I thought I would take it down there so it would be out of the way—there were a lot of cars parked in there. Q. Is that the only reason? A. Yes, sir; I thought I would take it home with me that night."

—and:

"Q. Didn't you think it would be more convenient for yourself to have it down there? A. Well, it was in the way up there, jambed in there with other cars, is the reason I taken it down there. Q. You intended to use it going home that day? A. That afternoon, yes, sir. Q. Did you have any kind of lock on it? A. Yes, sir; I locked the steering wheel, but the key was broke off in it. Q. Now, wasn't that the real reason you took it down there? A. What I wanted to do with it was take it down there and get it out of the way and take it home that afternoon. Q. The fact that you wanted to keep your eye upon it didn't have anything to do with it at all? A. No, it wasn't that; I wanted to get it out of the way; it was in the way of the big oil trucks."

We do not consider it necessary to quote further testimony. There is no competent evidence in this record showing or tending to show that the injury received by the claimant arose out of and in the course of the employment with the petitioner. Under the rule stated in Lucky-Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 P. 600, Baker v. State Industrial Commission, 138 Okla. 167, 280 P. 603, Ryan v. State Industrial Commission, 128 Okla. 25, 261 P. 181, Farmers Gin Co. v. Cooper, 147 Okla. 29, 298 P. 108, and many other decisions of this court, the award of the State Industrial Commission must be reversed.

In Mead Bros., Inc., v. State Industrial Commission, 144 Okla. 279, 291 P. 571, this court held:

"In the absence of an agreement, express or implied, to transport an employee to the place of work, the employer is not responsible for an injury sustained by the employee in traveling to the place of work."

There was no agreement, either express or implied, to transport the claimant from the employment office to the place of work. There is nothing in the record to show that the petitioner was at all interested in how the claimant reached his place of work. That was a matter to be determined by the claimant.

In the brief of the claimant it is said:

"He informed them that he had a truck and that he could go to the place of work in said truck if it was satisfactory, and they instructed him to do so."

The record does not support that statement. There is nothing in the record to show that the petitioner instructed the claimant to go to work in his truck. The petitioner was not hiring the claimant's truck. If the petitioner employed the claimant at all, it employed him as a single hand to work on a pipe line.

The claimant cites Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 P. 303, Oklahoma-Arkansas Tel. Co. v. Fries, 128 Okla. 295, 262 P. 1062, and Sapulpa Refining Co. v. State Industrial Commission, 91 Okla. 53, 215 P. 933, in support of his contention. There is nothing in those decisions to warrant this court in approving the award made in this case.

The award of the State Industrial Commission is vacated and the cause is remanded, with directions to dismiss the claim.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.