**WEST TULSA PIPE & SUPPLY CO. v. IVORY et al.**

No. 24163.   Opinion Filed June 13, 1933.

S. F. Goldwyn, for petitioner.

Boone & Boone and Frank Leslie, for respondents.

BAYLESS, J. J. C. Ivory, an employee of West Tulsa Pipe & Supply Company, hereinafter called claimant and petitioner, respectively, received an accidental injury to his right foot and ankle on December 16, 1931, which he claimed arose out of and in the course of his employment. He filed a first notice of injury and claim for compensation, and the petitioner made answer denying liability. On March 28, 1932, the petitioner and claimant filed an "Agreement between employer and employee as to the facts with relation to any injury and payment of compensation therefor," on form No. 14, adopted and used by the State Industrial Commission. The State Industrial Commission made an order on March 28, 1932, approving this agreement as covering temporary total disability, and closed the matter subject to its continuing jurisdiction.

On August 28, 1932, the respondent filed a "motion to reopen case on a change of condition." The prayer of said motion asked the Commission for a hearing to "de-

termine the extent of claimant's injury." This matter was then heard and an award made for 50 per cent. loss of the use of the right foot. The Commission in the trial of this matter excluded the theory of a change of condition and treated the matter as being a hearing to determine the extent of permanent partial disability after the termination of the temporary total disability. The petitioner presents its assignments of error under three propositions, to wit:

"1. That the Commission was without jurisdiction to enter the award appealed from, by reason of the fact that a joint agreement had been entered into by the parties thereto and herein, and that the same was duly approved by said Commission, and was a final settlement of all issues in said cause. •

"2. That the evidence and the record in said cause wholly fail to sustain the finding of the respondent, the State Industrial Commission of the state of Oklahoma, that the injury complained of by the respondent, J. C. Ivory, arose out of and in the course of his employment, and that the demurrer of the petitioner should have been sustained.

"3. That the evidence and the record in said cause wholly fail to sustain the finding of the respondent, the State Industrial Commission of the state of Oklahoma, that there has been a change in the condition of the respondent, J. C. Ivory, since the date settlement had been entered into by and between the parties on March 28, 1932."

An examination of the agreement on the form No. 14, filed by the parties, disposes of the first proposition. The face of the form contains the following proviso: .

"The foregoing agreement is herewith submitted for the order, decision or award of said Commission, under the provision of section 7, chapter 61, Compiled Statutes of Oklahoma, 1921. It is a condition, however, of this agreement that in the event a change in condition occurs or arises, that the same shall not be final, but may be reopened and reviewed as provided by section 7296, Compiled Oklahoma Statutes, 1921."

The order of approval makes this reservation:

"* * * and that this cause be subject to the continuing jurisdiction of the Commission on a change of condition."

The above provisions destroy any idea that this proceeding was upon a joint petition the approval of which would divest the Commission of further jurisdiction, as provided for in section 13391, O. S. 1931. U. S. F. & G. Co. v. St. Indus. Comm., 125 Okla. 131, 256 P. 892.

We consider the third proposition next. It is conceded by all of the parties that the temporary total disability has terminated and all of the compensation therefor has been paid. This court distinctly recognizes that a degree of permanent partial disability may arise from an accidental injury in addition to the temporary total disability, and that each is compensable. Eagle-Picher Lead Co. v. Powell, 149 Okla. 1, 299 P. 142, and other cases. All of these cases recognize that permanent partial disability, if there is any, succeeds temporary total disability or appears at the close or after the termination of the healing period. We have held in Peter Adamson Coal & Mining Co. v. Pringle, 155 Okla. 122, 8 P. (2d) 51:

"Where the Industrial Commission has made an award to a claimant for temporary injuries and it later develops that instead of injuries being temporary the same have become permanent, thereby lessening the ability of the claimant to perform labor in the future, the Industrial Commission is authorized, under section 7296, C. O. S. 1921, to review its award and increase the compensation previously awarded, limited, however, to the maximum rate of compensation fixed by statute for such class of injuries."

We further held in Geis Price Grain Co. v. Bailey, 155 Okla. 302, 9 P. (2d) 424:

"In a cause before the State Industrial Commission, where previous award has been made for temporary total disability, and the action before the Commission is to determine permanent partial disability, it is unnecessary for the claimant to prove a change in condition."

The Commission, in the trial of this matter, distinctly recognized the rules announced in these cases, tried the matter to determine the degree of permanent partial disability and excluded all evidence tending to touch upon a change of condition as being necessary to the determination of the matter. The agreement on form No. 14 and the order of approval are limited to temporary total disability. The question of permanent partial disability not having been considered theretofore, the Commission was correct in its action in this respect.

The petitioner, on its second proposition, contends that the burden is upon the claimant to prove that the injury complained of arose out of and in the course of the employment, and that where there is no evi-

dence reasonably tending to support such a finding, the award should be vacated.

The claimant contends that where a stipulation and receipt is filed and an order is made approving it, as in this case, the petitioner waives all jurisdictional questions, or at least there is a presumption that the Commission found affirmatively upon all jurisdictional matters.

Section 13361, O. S. 1931, provides in part:

"In any proceedings for the enforcement of a claim for compensation under this act, it shall be presumed, in the absence of substantial evidence to the contrary: 1. That the claim comes within the provisions of this act. * * *"

If in the instant case the Commission had made a finding that the injury arose out of and in the course of the employment, such finding would have been binding, and the petitioner would have been required to have appealed in order to have preserved the question of jurisdiction. The Commission, in its discretion, could have required the parties to submit evidence upon such question before it approved the stipulation and receipt, and could have made a finding thereon; but it apparently did not see fit to do this, but, on the contrary, made a finding, in effect, that the petitioner was still attempting to reserve the question of the truth of this issue, which affected the purisdiction of the Commission. Under the record in this case, we think it would be a harsh rule to deny petitioner the right to defend on the ground that the Commission had no jurisdiction to make an award. There can be no doubt that petitioner intended to reserve this right, and we cannot say that it would have settled for the temporary disability if it thereby submitted itself to the continuing jurisdiction of the Commission. To announce such a rule might in many instances work a hardship on an employee, for an employer might deny that an injury arose out of and in course of the employment, yet be willing to make a settlement for the temporary disability; and yet, if by making such settlement it would be precluded from thereafter defending upon such ground, it might refuse to settle, and if at a hearing the proof developed that the injury did not arise out of and in the course of the employment, the employee would get nothing.

The record before us does not present any evidence or appearance of fraud, nor is any charged against the petitioner. It does not appear that any injustice would result in remanding this cause to the Commission for the purpose of making a finding on the question of whether the injury arose out of and in the course of the employment.

The award is therefore vacated, and the cause is remanded to the Commission with instructions to proceed in accordance with the views herein expressed.

RILEY, C. J., and ANDREWS, McNEILL, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL and OSBORN, JJ., absent.