**PITTSBURGH PLATE GLASS CO. v. MORRIS et al.**

No. 27351. Nov. 10, 1936.

Rehearing Denied Dec. 1, 1936.

274

Steele & Boatman, for petitioner.Steele & Boatman, for petitioner.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to vacate an award entered July 9, 1936, in favor of Frank Thomas Morris, vacating an order entered therein June 10, 1936, and reinstating a former order of May 22, 1936. The former order granted an award of $299.20, the same being 17½ weeks' compensation at $17.10 per week.

The uncontradicted testimony is that on the 26th day of February, 1936, Frank Thomas Morris was injured while working with a p'aning machine and saw for the purpose of planing a board to make a tool tray. Respondent was regularly employed as a boiler attendant and mechanic and had charge of the sprinkler system. While planing and sawing said board the first phalange of his right index finger was cut off. It is the contention of the respondent that the injury arose out of and in the course of his employment, and the commission so found.

It is the contention of the petitioner that the injury did not arise out of and in the course of his employment; that he was working on a project of his own without the consent or knowledge of the employer; that respondent admitted that the making of the tool box or tray was not part of his duties, and that he could have secured said tray by putting in an order to the necessary authorities. Respondent urges and his testimony supports the fact that it was hard to get a box through the proper authorities; that he was making the box not for his own use and benefit, but for the use and benefit of the company, and therefore in furtherance of its business, and therefore the making of this box arose out of and in the course of his employment.

In Ryan v. State Ind. Com., 128 Okla. 25, 261 P. 181, we laid down the following rule:

"While the cases are not all in harmony, it seems to be the general rule followed by our Supreme Court that an injury does not arise out of the employment within the meaning of the Workmen's Compensation Act unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Southern Surety Co. v. Galloway, 89 Okla. 45, 213 P. 850; Superior Smokeless Coal Co. v. Hise, 89 Okla. 70, 213 P. 303; Lucky-Kidd Mining Co. v. State Industrial Com., 110 Okla. 27, 236 P. 600.

"Governed only by this general rule, the question of whether or not an injury arose out of and in the course of employment is a question of fact to be determined by the Indusarial Commission under all the facts and circumstances in each case."

In that case the claimant, who was playing catch on a vacant lot of the employer, was denied an award, and on appeal the action of the State Industrial Commission was sustained.

Herein the evidence reveals that respondent went to work at midnight on the date of the injury, and while on his regular shift he went to the carpenter bench, not over six feet away from the boilers he attended and in the same room, and planed or sawed a board for a tray for a tool box used by himself and other employees; that in order to do this he reached down under the bench and set the electric switch with a stick. This switch controlled the saw and was closed and a lock placed on the box covering same, but the side was open, and to prevent opening the lock to set the switch in control respondent reached down through the hole in the side with a stick; that there was no rule against using this carpenter's bench and the tools, and that respondent had used it before, once at the direction of his superior; that he had no immediate superior on the premises at the time he was injured; that the tool box was necessary to keep the tools in so that others working there did not misplace them.

We are of the opinion that there was competent evidence to sustain the finding that the injury arose out of and in the course of the employment.

In Sinclair Pipe Line Co. v. State Industrial Com., 134 Okla. 300, 272 P. 1030, claimant was injured making a rule or measuring stick to measure sheets of metal. Therein the court said:

"His sole duty was to pass sheets of tin up to men working on the roof. The supply of material from which he obtained the

sheets to be passed up was of different width, and it was necessary for him to select sheets of proper width. He had been using a borrowed rule, which was missing; so, in order to prepare a measuring stick, he picked up a board and attempted to rip off a strip the desired length. He was not told to do this, but he had previously used the circular saw in his employment, and he had not been instructed against using the saw, and had not heard the foreman tell the others employed not to use the saw. In using the saw he received the injuries."

The award was affirmed.

In Kimberly-Clark Co. v. Industrial Commission, 187 Wis. 53, 203 N. W. 737, it is said:

"The only question raised upon this appeal is whether or not there was any credible evidence introduced from which the commission could reasonably come to the conclusion that the making of the tool box was an act within the scope of and incidental to the employment of the claimant. It is undisputed that the company furnished him no adequate tools, or, if they were furnished, they were not kept in a place where he could promptly and with certainty get them. Under such circumstances, the commission could properly find that the making of a tool box within which to keep his tools securely locked so that he could get them without delay was a work which was beneficial to the employer. It is not a case such as that of Radtke Bros. & Korsch v. Rutzinski, 174 Wis. 212, 183 N. W. 168, where the employee was engaged in a private enterprise for his own convenience, and one which in no wise inured to the benefit of his employer."

In Ex parte Terry, 200 Ala. 418, 100 So. 768, plaintiff, employed as a team foreman, was injured by a fellow worker while plaintiff was looking after some stolen property of his employer. The court quoted with approval from State ex rel. Duluth Brewing & Malting Co. v. District Court, 129 Minn. 176, 151 N. W. 912, in which that court said:

"* * * 'Undesirable, indifferent, and of little value indeed are the services of an employee who must be expressly directed as to the time, manner and extent of doing each particular task. Hence, when a servant undertakes in the course of his employment, during the proper hours therefor, and in the proper place, to do something in furtherance of his master's business, and meets with accidental injury therein, the trial court's finding that the accident arose out of and in the course of employment should not be disturbed, unless it is clear to us that the ordinary servant, in the same situation, would have no reasonable justification for believing that what he undertook to do when injured was within the scope of his implied duties.' "

Commenting thereon the Alabama Supreme Court said:

"The effect of these and other well-considered cases is to firmly establish the principle, based, of course, upon the theory of a liberal rather than a strict or narrow construction, that an employee's injury may be properly held to have arisen out of his employment notwithstanding that the act or conduct of the employee to which the injury is proximately referable was not within the scope of his authority nor strictly within the line of his duty, provided it was reasonably related to the service he was employed to render and was in good faith done or undertaken in furtherance of the employer's business; and notwithstanding also that the injury in question was not one of the anticipated risks of the service."

In State ex rel. Duluth Brewing & Malting Co. v. District Court, supra, the statement of the case is as follows:

"If the injury arose out of and in the course of the employment, the judgment is right. The injured servant, Charles De Cook, had worked for relator, in the bottling house of its brewery at Duluth, Minn., as the foreman's helper, during more than five years prior to the accident. In the bottling room were a number of electric light bulbs, to protect them against breakage, a wire screen cover was provided. These screens were fastened with a lock to prevent the bulbs from being stolen. The foreman carried the key—a simple three-cornered contrivance. It was part of De Cook's duty to replace any of the light bulbs which broke or became defective. In doing this he had to get the key from the foreman, unlock the cover, take the broken bulb to the foreman, then go to the office or storeroom for another bulb, replace it, lock the guard, and return the key to the foreman. On April 9, 1914, De Cook had occasion to go to the basement where some other employees were engaged. One of these handed De Cook what appeared to be an empty cartridge shell of unusual length. It occurred to De Cook that the empty shell could be easily fashioned into a key, so as to save time and energy spent in hunting up the foreman and carrying the key back and forth when the light bulbs had to be replaced. During the working hours, in the afternoon of April 9, 1914, De Cook went to the place in the room where the tools and appliances to make the ordinary repairs called for in the business were kept, took a hammer, and began to hammer the supposed empty shell into a key. The shell happened to be an unexploded dynamite cap, and the third blow set it off, A fragment therefrom pierced plaintiff's right eye and destroyed the sight."

The judgment of the claimant was affirmed.

Under the above authorities, we hold that there was competent evidence to support the findings of the State Industrial Commission, and the award is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.