James William **GUTHRIE**, a minor, by and through his guardian, Jacqueline G. Stack, Petitioners,

v.

**MODERN DISTRIBUTORS, INC.,** Liberty Mutual Insurance Company and State Industrial Court, Respondents.

No. 38863.

Supreme Court of Oklahoma.

March 15, 1960.

Lampkin, Wolfe & Buck, Morris Flynn and Rollie D. Thedford, Oklahoma City, for petitioners.

Rhodes, Crowe, Hieronymus & Holloway, by A. G. Crowe, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

A claim for compensation was filed for James William Guthrie, a minor, through his guardian, against Modern Distributors, Inc. and Liberty Mutual Insurance Company, alleging Roy Robinson Guthrie died as a result of an accidental injury on October 28, 1958, occurring at the "intersection of Mill Road with Highway 74, Edmond, Oklahoma, County of Oklahoma." The cause of the accident was given as "one car automobile wreck." There is nothing in the claim to indicate what deceased was doing at the time of the accident, where he was going, nor the reason for his being where he was when the accident occurred. The record is silent as to what he was doing at the time, except that he was driving his car and was killed. No one was in the car with deceased and he was found on the ground and unconscious and never regained consciousness before his death.

Respondents denied that the deceased sustained an accidental injury arising out of and in the course of his employment with respondent.

The trial judge, after hearing the evidence entered an order holding that the accidental death of Roy Robinson Guthrie did not arise out of and in the due course of his employment with respondents, but arose out of an automobile accident at a place where deceased was specifically instructed not to be and had no connection with the business of the employer. Petitioners appealed to the Industrial Court en banc, where argument was heard and all of the five judges adopted and affirmed the order of the trial judge. Petitioners appealed to this Court.

The evidence shows that deceased was employed by Modern Distributors, Inc. as a salesman, and drove his own car in which he carried the electrical appliances of respondent; that his territory included several counties in the northern part of Oklahoma, but Oklahoma County was not in his territory; that he died as the result of an automobile accident which occurred in Oklahoma County on Tuesday, October 28, 1958, about 8 P.M.

The deceased lived with his minor son, the claimant, in Oklahoma City where he maintained a home and spent Saturday and Sunday of each week. While he was on the road as a salesman, Monday through Friday of each week, his minor son lived with his married sister, now his guardian in Oklahoma City.

The deceased had been given instructions by John D. Allen, sales manager for Modern Distributors, Inc. that he should be in his territory at 9 A.M. on Monday and remain in his territory until 4 P.M. Friday and then return to Oklahoma City to attend a sales meeting which the company's offices held in Oklahoma City each Saturday morning. The sales manager for respondent testified in part as follows:

"Q. Now, are you familiar with the location where he had the fatal accident on the 28th of October, 1958? A. Yes.

"Q. Do you know what county that was in? A. In Oklahoma County.

"Q. Now, state whether or not Oklahoma County was in Mr. Guthrie's territory? A. No, sir.

"Q. What instructions, if any, had you given Mr. Guthrie with reference to the time that he should spend in his territory?

\*  \*  \*  \*  \*  \*

"By The Court: Did he have any instructions about how he would serve his territory?

"By The Witness: All territory salesmen left Monday morning and returned Friday evening.

"By The Court: Did he have positive instructions?

"By The Witness: Yes.

"By The Court: What were the instructions?

"By The Witness: To leave Monday morning and return Friday evening.

"By The Court: You mean to the office or where?

"By The Witness: No, return Saturday morning to the office.

"By The Court: What about during the week? Where would he be, anywhere he wanted to be within his territory?

"By The Witness: Within his territory; yes, sir.

"Q. (By Mr. Crowe) Now, you say he was to leave Monday morning. Any particular time on Monday morning that he was to be in his territory? A. I suggested that they be making calls by 9:00 o'clock Monday morning.

"Q. And you mean that he would leave Oklahoma City in time to be making calls by 9:00 o'clock? A. Yes, sir.

"Q. In the morning on Monday? A. Yes, sir.

"Q. And how about Friday afternoon? A. To remain on their territory until Friday afternoon; they could work up until 4:00 o'clock and return then.

"Q. What was the purpose of returning on Friday afternoon or Friday evening? A. For sales meetings Saturday."

The superior of deceased further testified that for deceased to leave his territory and come to Oklahoma City was contrary to his instructions; that deceased had not notified him of his need or desire to come to Oklahoma City the day he was killed; that none of his employees had come in during the week to get additional equipment nor had deceased notified his supervisor that he was bringing a customer or dealer to view their stock in Oklahoma City and it is clear that the deceased had no one with him when he was killed.

The claimant, a minor son of deceased, and deceased's daughter, now guardian of claimant, testified that deceased did come to Oklahoma City at times during the week, but there is no proof of the purposes of such trips or that his employer knew of them and gave permission or acquiesced therein. Neither the son nor daughter knew the deceased was coming to Oklahoma City Tuesday, October 28, 1958, nor could testify as to any reason for his making the trip

In the amended answer of respondents they specifically deny that deceased sustained an accidental injury arising out of and in the course of his employment with respondent.

■ Respondents are correct in their contention that under such facts there must be proof by claimant that the injury arose out of and in the course of his employment. This rule was stated in the opinion in West Tulsa Pipe & Supply Co. v. Ivory, 164 Okl. 112, 23 P.2d 148, 149, in the second paragraph of the syllabus as follows:

"Where a claim is filed with the State Industrial Commission seeking an award for an accidental injury, * * * it is necessary for the claimant to prove that the injury arose out of and in the course of his employment."

The same rule is expressed in Ryan v. State Industrial Commission, 128 Okl. 25, 261 P. 181, 182, wherein it is said:

"In cases of this kind, the burden of proof is upon the claimant to show by the evidence that the injury complained of was accidental, and that it arose out of and in the course of his employment. Associated Employers' Reciprocal v. [State] Industrial Comm., 83 Okl. 73, 200 P. 862; Tulsa St. R. Co. v. Shoemaker, 106 Okl. 99, 233 P. 182."

There is no evidence by claimant to prove that the death of deceased arose out of and in the course of his employment. No witness knew why the deceased was were he was and traveling in the direction of Oklahoma City when he was killed. There is not one word of testimony that any person other than deceased knew or had been advised by deceased as to his reasons for making it.

The evidence shows that traveling salesmen for his employer filled out an "Itinerary" for the employer, showing where he was to travel each day of the week. This showed that the deceased was to be in Enid October 28th, which was in his territory. There is absolutely no evidence as to deceased's reasons or intentions for driving out of his territory on the night of his death. There is no proof that he had run out of supplies or had any reason for going for any purpose connected with his employment by respondents.

There is evidence that the deceased had an excellent record as a salesman for his present employer and for others for whom he had worked. It was proven that he had been in Enid on October 28th, and had mailed orders from Enid on that date.

We have taken notice of Section 27, 85 O.S.1951, wherein it is expressly provided that "it shall be presumed in the absence of substantial evidence to the contrary" five factual conditions in favor of claimant, but these matters are not presumed when there is substantial evidence to the contrary.

The cases cited by claimant are not applicable here because they involve different factual situations. The fact that the evidence does not show that the deceased was doing any work connected with his employer's business is not sufficient where there is positive evidence showing that he was violating instructions and positive proof that what he was doing was outside the scope of his employment.

There is no proof that the employer's instructions were not known to deceased or that a violation of such instructions had been acquiesced in by the employer. This could only be proved by proof that violations of such instructions had been known to the employer. Here there is positive proof that such violations were not known to the employer.

◼ Claimant admits that it is a settled rule of this Court that:

"A finding of the State Industrial Commission that the injury sustained by a workman constitutes an accidental injury and arose out of and in the course of his employment will not be disturbed on review where there is any competent evidence reasonably tending to support such finding." Anderson-Prichard Oil Co. v. Floyd, Okl., 340 P.2d 943, 944.

In Midland Co-Operative Wholesale v. Brown, 207 Okl. 441, 250 P.2d 34, 35, this Court said:

"We have held that an injury arises out of the employment when it results from a risk reasonably incident to the employment; and, an injury is received in the course of the employment when it happens while the workman is doing the duties which he is employed to perform. Standard Paving Co. v. Newman, 194 Okl. 166, 147 P.2d 983, Natol v. Booth & Flinn Co., 139 Okl. 103, 281 P. 264, Consolidated Pipe Line Co. v. Mahon, 152 Okl. 72, 3 P.2d 844, and State Highway Commission v. Koon, 185 Okl. 161, 90 P.2d 889."

Again in Folsom Auto Supply v. Bristow, Okl., 275 P.2d 706, 707, it is said:

"An injury is received 'in the course of the employment' when it occurs while the workman is doing the duty which he is employed to perform. It 'arises out of the employment' when there is apparent to the rational mind upon consideration of all the circumstances a causal relation between the conditions under which the work is required to be performed and the resulting injury."

◼ There is no evidence to show that the deceased was doing anything for the benefit of his employer at the time of the fatal accident. The only positive testimony on this point is that of John D. Allen, who was the representative of respondents and he testified that deceased had positive instructions to leave headquarters in Oklahoma City on Monday morning and return

Friday evening and that no employee had ever driven into Oklahoma City for more supplies during the week.

While there is no evidence as to why deceased was on the highway outside his territory at the time and place of the accident, we deem such evidence necessary to warrant recovery where there is proof that he was violating positive instructions of his employer.

 A different situation would clearly exist if the deceased had been bringing in a customer to whom a sale might have been made. But the proof is positive that deceased was not bringing in a customer and that he had not notified his employer that he was coming in to get supplies or bringing in a customer. In Ryan v. State Industrial Commission, supra, it is said:

"While the cases are not all in harmony, it seems to be a general rule followed by our Supreme Court that an injury does not arise out of the employment within the meaning of the Workmen's Compensation Act unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Southern Surety Co. v. Galloway, 89 Okl. 45, 213 P. 850; Superior Smokeless Coal [& Mining] Co. v. Hise, 89 Okl. 70, 213 P. 303; Lucky-Kidd Mining Co. v. State Industrial Comm., 110 Okl. 27, 236 P. 600.

"Governed only by this general rule, the question of whether or not an injury arose out of and in the course of employment is a question of fact to be determined by the Industrial Commission under all the facts and circumstances in each case. Southern Surety Co. v. Galloway, supra; Smokeless Coal [&] Mining Co. v. Hise, supra; Sapulpa Refining Co. v. State Industrial Comm., 91 Okl. 53, 215 P. 933."

The order of the Industrial Court is sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

JOHNSON, J., dissents.