WILLIAM SIMPSON, RESPONDENT, v. NEW JERSEY STONE AND TILE COMPANY, APPELLANT.

Submitted March 24, 1919—Decided May 15, 1919.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is a workman's compensation case, and the main point raised relates to the finding by the trial court of total and permanent disability.

"The original injury was a very bad fracture of the arm, which was compound, and became infected and discharged pus for a long period. Amputation was seriously considered, but the arm was saved. There was, however, a poor recovery, and the patient had several abscesses and at the time of the hearing was suffering, as the court found, with a severe neuritis caused, perhaps, by minor nerves being involved with the callous of the fracture, which, in the opinion of his physician, made him totally unfit for work, and there was evidence to

support the finding that this condition would continue indefinitely unless the arm were amputated.

"Prosecutor's claim is that the award cannot exceed that authorized for the loss of an arm, but to this we do not agree. Cases are readily conceivable in which total and permanent disability exists without the loss of or injury to any specific member. If the physical conditions in the present case as the court found them to exist at the time of the hearing created a total disability which was permanent unless the arm were amputated (and we think the evidence justified a finding of such a condition), the case of *Feldman* v. *Braunstein*, 87 N. J. L. 20, controls. Petitioner is not required to undergo a serious operation, such as amputation of the arm at the shoulder. The court, therefore, properly dealt with the condition as actually existent.

"Another point is made, that the order permits review within one year, whereas the act says review may be had after one year. This looks like a mere slip of the pen. The conclusions of the judge properly follow the statute, but the judgment does not. If necessary, the case may be remanded for correction of the judgment, which is merely an amendment to conform to the statute and the court's conclusions. In other respects, the award is affirmed."

For the appellant, *Clarence L. Cole.*

For the respondent, *William E. Holmwood.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, GARDNER, JJ. 9.

*For reversal* — THE CHANCELLOR, WILLIAMS, TAYLOR, JJ. 3.