## WILSON LUMBER CO. et al. v. WILSON et al.

No. 10245—Opinion Filed March 16, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Jurisdiction—Errors of Fact and Law—Review of Award of Industrial Commission.**

In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final.

**2. Same.**

The opinion of the Industrial Commission examined, and held, that the appeal herein involves a question of fact, and not an error of law.

Award of compensation to A. M. Wilson for personal injuries by the State Industrial Commission. Action by the Wilson Lumber

Company and another to review award. Affirmed.

Brick Moss, for petitioners.

S. P. Freeling, Atty. Gen., R. E. Wood, Asst. Atty. Gen., Abe Collins, and Ledbetter, Stuart, Bell & Ledbetter, for respondents.

McNEILL, J. This is an appeal from the award of the State Industrial Commission by the Wilson Lumber Company wherein the State Industrial Commission awarded A. M. Wilson compensation for permanent total disability that entitled him to compensation of $6 per week during the continuance of the disability, not exceeding 500 weeks from the 10th day of November, 1916.

It is conceded by petitioners that by article 2, sec. 10, Industrial Act, the decision of the commission is final as to all questions of fact. The petitioners contend, however, that the findings of fact as made by the commission, as a matter of law, do not constitute a permanent disability, but only a permanent partial disability, and that the commission, by a misapplication of the law and by a consideration of the age of the claimant, adjudged that he was permanently disabled.

Permanent total disability, as defined in section 6, art. 2, Workmen's Compensation Act, is as follows:

"Permanent Total Disability. In case of total disability adjudged to be permanent, 50 per centum of the average weekly wages shall be paid to the employe during the continuance of such total disability not exceeding five hundred weeks; loss of both hands, or both feet, or both legs, or both eyes, or any two thereof, shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts."

While one portion of the opinion of the commission refers to the age of the claimant, still the commission in the opinion upon the facts stated as follows:

"There is little conflict in the testimony, the substance of which is, the claimant is now past 65 years of age; that up as late as the 25th day of August, 1917, when the testimony in this case was concluded, he had not been able to perform any labor whatever and was only able to walk with the aid of crutches. The doctors all conceded that the leg was perfectly useless and one testified he would be much better off without it; that he suffers great pain, which occasions loss of sleep, and it was the opinion of witnesses who testified that considering his age he would probably never be able to engage in any remunerative work."

The commission stated the injury the claimant was suffering from was a fracture of the surgical neck of the right femur, which the commission found would not unite.

The Supreme Court of New Jersey, in a case very similar, the case of Simpson v. New Jersey Stone & Tile Co., 107 Atl. 36, stated as follows:

"The original injury was a very bad fracture of the arm, which was compound, and became infected and discharged pus for a long period. Amputation was seriously considered, but the arm was saved. There was, however, a poor recovery, and the patient had several abscesses, and at the time of the hearing was suffering, as the court found, with a severe neuritis caused perhaps by minor nerves being involved with the callous of the fracture, which, in the opinion of his physician, made him totally unfit for work, and there was evidence to support the finding that this condition would continue indefinitely unless the arm were amputated.

"Prosecutor's claim is that the award cannot exceed that authorized for the loss of an arm, but to this we do not agree. Cases are readily conceivable in which a total and permanent disability exists without the loss of or injury to any specific member. If the physical conditions in the present case as the court found them to exist at the time of the hearing created a total disability which was permanent unless the arm was amputated (and we think the evidence justified a finding of such a condition), the case of Feldman v. Braunstein, 87 N. J. Law, 20, 93 Atl. 679, controls. Petitioner is not required to undergo a serious operation such as amputation of the arm at the shoulder. The court therefore properly dealt with the condition as actually existent."

By applying the law to the finding of the commission as in the case of Simpson v. N. J. Stone & Tile Co., supra, the claimant would be permanently disabled.

The petitioners rely upon the case of Batman v. Smith, 89 Atl. 979. We think the New Jersey case does not support petitioners' contention, as the New Jersey court simply held that the commission had awarded the compensation under section 2 of the Compensation Act of the state of New Jersey, and by finding claimant entitled to an award under that section would therefore be limited to the terms of that schedule in fixing the award. The act of New Jersey is somewhat different from our Workmen's Compensation Act. Our act defines certain injuries which in the absence of conclusive proof to the contrary, shall constitute permanent disability, and then provides that all other cases of permanent disability shall be determined in accordance with the facts. There might be some question, if the commission had found simply as a matter of law that the claimant

was permanently disabled by reason of his age, but such is not the finding of the commission. The finding of fact of the commission irrespective of the age of the claimant supports a finding of permanent disability, to wit, a fractured hip bone, which would not unite, and caused claimant to suffer great pain and loss of sleep, and where physicians state the party would be better off with the limb amputated.

For the reasons stated, the judgment of the commission is affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.