**McALESTER - EDWARDS COAL CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 12879—Opinion Filed May 30, 1922.

(Syllabus.)

**Master and Servant—Workmen's Compensation—Review of Decisions of Industrial Commission—Finality on Facts.**

In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final. Held, that the appeal herein involves a question of fact, and not an error of law.

Appeal from Order of State Industrial Commission.

Action by the McAlester-Edwards Coal Company to review an award by Industrial Commission of workman's compensation to B. S. Sewell. Affirmed.

Edward P. Hill and Wm. P. Hill, for petitioners.

S. P. Freeling, Atty. Gen., R. E. Wood, Asst. Atty. Gen., and W. N. Redwine, for Industrial Commission.

Moore & Harris, for B. S. Sewell.

McNEILL, J. The McAlester - Edwards Coal Company, a corporation, filed its petition in this court to reverse an order of the Industrial Commission, wherein said commission awarded B. S. Sewell compensation for permanent loss of the use of two fingers, and fixed the compensation at $18 per week for a total of 35 weeks. The company contends the award is not supported by the facts, nor by the law, for the reason the loss of the use of said fingers was caused by the negligence of the claimant to take care of and to submit to treatment, which said neglect and refusal on the part of the claimant resulted in the loss of the use of two fingers; that being true, that the claimant is not entitled to an award for compensation for the loss of said fingers, but only for a period of time in which he was disabled by injury. The testimony of the physician, Dr. Busley, was to the effect that the claimant would not let him open or lance the infected portion of the hand, nor permit him to remove the core from the infected hand. This evidence was denied by the claimant, who testified that the doctor did lance the hand. Mr. Keller testified that he was present and saw the doctor lance the hand. Under this state of the record, the appeal involves a question of fact, and not an error of law. Under and by virtue of section 10, chapter 14, Session Laws 1919, the decisions of the commission upon questions of fact are final and conclusive.

This court, in the case of Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666, in construing said act, held that this court would not review a question of fact. By applying the rule announced in the above case, the relief of petitioners is denied and award of claimant is affirmed.

KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.