### SKELLY OIL CO. v. LYON et al.

No. 19459.  Opinion Filed April 16, 1929.

W. P. Z. German, Alvin F. Molony, and Chas. Hill Johns, for petitioner.

Paul F. Showalter, for respondent Lyon.

Edwin Dabney, Atty. Gen., and Ralph G. Thompson, Asst. Atty. Gen., for State Industrial Commission.

HUNT, J. This is an original action in this court to review an order and award of the State Industrial Commission entered on the 17th day of May, 1928. The findings of the Commission, as set out in the order and upon which it based the award herein complained of, is as follows:

"* * * Having reviewed the testimony taken at said hearings, examined the records on file in said cause and being otherwise well and sufficiently advised in the premises, the Commission finds:

"That on and prior to April 2, 1927, claimant was in the employment of the Skelly Oil Company and engaged in a hazardous occupation covered by and subject to the provisions of the Workmen's Compensation Law.

"That in the course of and arising out of his said employment claimant on April 2, 1927, sustained an accidental personal injury as a result of which claimant was permanently and totally disabled.

"That the average wage of claimant at the time of his injury was $4 per day.

"The Commission is of the opinion, on consideration of the foregoing facts, that claimant is entitled to compensation at the rate of $15.39 per week for a period of 500 weeks."

The facts as disclosed by the evidence were: That on or about the 2nd day of April, 1927, respondent James E. Lyon was in the employ of Skelly Oil Company (Skelly Oil Company carrying its own risk with the permission of respondent State Industrial Commission); that respondent Lyon was doing general oil field work; that on or about said date respondent Lyon was injured by becoming involved in the bull rope and thereby being drawn into the bull wheel of an operating oil rig; that, at the time of said injury, petitioner was operating said oil rig, the same being in operation for the purpose of cleaning out a certain oil well; that the crew in operation of said oil rig had taken a rest; that the machinery was left in motion, that is, the engines were running, and the driller had placed the clutch in neutral so that the bull wheel and bull rope were not in motion; that, during said rest period, respondent Lyon either placed himself in a squatting or stooping position on the floor of the derrick, crouched over with his weight resting on his heels, his back resting against the bull rope and his hand clutching the bull rope in order to balance himself, or respondent Lyon seated himself upon the bull rope itself. The testimony is somewhat conflicting as to whether respondent Lyon was actually seated upon the bull rope or whether he was in a stooping or crouching position as described above, with his weight on his heels and with one hand clutching the bull rope.

The testimony of the driller shows that, after a few minutes' rest, he said "Let's go, boys," meaning go back to work; and in a few moments he threw in the clutch which started the bull wheel and bull rope in motion and respondent Lyon became involved in said bull rope and was drawn into the bull wheel and injured.

The statement of facts as above set out is taken almost verbatim from petitioner's brief, and after thus stating the facts petitioner says:

"As before stated, we admit the injury and do not challenge the finding of the State Industrial Commission with respect to the character thereof. We do charge that the award of the State Industrial Commission is contrary to law in that there was no competent evidence showing that the injury arose out of and in the course of claimant Lyon's employment with petitioner; and that the State Industrial Commission erred in finding that claimant, James E. Lyon, sustained an accidental personal injury on April 2, 1927, which arose out of and in the course of his employment with petitioner.

"We therefore present only one question for determination, namely: Did respondent, James E. Lyon, sustain an accidental personal injury arising out of and in the course of his employment with petitioner?

"Section 7285, Comp. Okla. Stat. 1921, is, in part, as follows:

"'Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee, arising out of and in the course of his employment. * * *'"

In Superior Smokeless Coal & Mining Co. v. Hise et al., 89 Okla. 70, 213 Pac. 303, this court held:

"As to whether an injury arose out of and in the course of employment under the Workmen's Compensation Act is a question of fact to be determined by the Industrial Commission, under the facts and circumstances in each particular case."

The question here presented is, therefore, one of fact and brings this case squarely within the often announced and well-established rule of this court that findings of fact made by the Industrial Commission are conclusive and will not be reviewed by this court. In Wilson Lumber Co. v. Wilson, 77 Okla. 312, 188 Pac. 666, it was said:

"In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact. The decision as to all matters of fact is final."

Petitioner cites Lucky-Kidd Mining Co. v. State Industrial Commission et al., 110 Okla. 27, 236 Pac. 600, wherein this court held:

"Under Comp. Stat. 1921, sec. 7294, findings of fact made by the State Industrial Commission are conclusive, when there is any evidence to support the same; but, where there is an entire absence of evidence on which to base a material finding necessary to support an award of compensation, this court must declare as a matter of law that an award based on such unsupported material finding is unauthorized."

Under these authorities the findings of fact made by the Commission herein are conclusive if there is any evidence to support the same, and in order to sustain petitioner's contention we would have to hold there was an entire absence of evidence on which to base the finding of the Commission that the injury to claimant arose out of and in the course of his employment. In order to clearly set forth the contention of petitioner on this question we quote from petitioner's brief as follows:

"We are not unmindful of the construction which has been placed upon compensation acts similar to the Compensation Law of Oklahoma which would entitle a workman to compensation, should an accidental personal injury be sustained by him while he was resting in a reasonably safe place. Consequently, had respondent Lyon been sitting upon the derrick floor during the leisure period and if the boiler had exploded or some other explosion had taken place and, as a result of such explosion, Lyon had sustained a personal injury, we do not intend to say that we would not be liable to Lyon for compensation for such an injury.

"But we do say that the reason we would be liable for compensation under such a state of facts is that Lyon placed himself in a reasonably safe place during a resting period and that, under his contract of employment, he was entitled to rest in such a reasonably safe place. Therefore, he being injured, we do not intend to say that

such an injury would not arise *out of* Lyon's employment.

"We do say that, under the facts in the instant case, respondent Lyon, for no reason which we can understand, voluntarily placed himself in an unnecessarily dangerous and hazardous place and an injury occurred to him. Not only did he voluntarily place himself in such a dangerous place or position, but he remained there after having been reminded by his brother-in-law that he was sitting in a very dangerous place. Now, did his injury arise out of his employment, or did the injury arise out of the fact that he voluntarily placed himself in a position which made it possible for the injury to occur to him, when there were innumerable places upon the derrick floor where respondent Lyon could have rested during the period of leisure without subjecting himself to any injury whatsoever?"

It will be noted petitioner concedes liability for an accidental personal injury sustained by an employee while resting in a reasonably safe place. We have carefully considered petitioner's brief and have reviewed the authorities therein cited.

Petitioner's entire argument seems to be based upon two assumptions: First, that the accident occurred **during** the rest period; and second, that claimant had voluntarily placed himself in an unnecessarily dangerous and hazardous place after being warned as to the danger, and that therefore his injury, did not arise out of and in the course of his employment, but that same arose out of the fact that he voluntarily placed himself in a position which made it possible for the injury to occur to him when there were innumerable places upon the derrick floor where he could have rested without subjecting himself to any injury whatever, and that because of these facts there is an entire absence of evidence upon which to base the finding of the Commission that the injury sustained by claimant arose out of and in the course of his employment. We have carefully reviewed the transcript of the testimony, and in our judgment neither of above assumptions is warranted, under the evidence.

Petitioner's witnesses Collins, the foreman, and Williamson, each testified that work had been resumed before the accident occurred, and that the place where claimant was injured was perhaps not any more hazardous than others in the narrow confines of the derrick floor; that it at least was not unusual for employees to be where claimant was when the drill was not in operation, and on this particular occasion,

according to the testimony of both Collins, the foreman, and Williamson, Collins himself had been sitting beside claimant on the bull rope; that with the clutch in neutral it was about as safe as most any other place around the derrick, all of which were necessarily to some extent hazardous. The evidence further clearly shows that the accident did not occur until after the foreman said, "Let's go, boys," indicating the rest period was over, and resumed operations by throwing in the clutch.

Petitioner cites numerous cases to support its contention that respondent's injury did not arise out of and in the course of his employment. The respondent stayed on the derrick floor to rest with the other members of the crew; they were all standing or sitting near the bull rope. There was no specified time for this rest period, in order to permit the men to seek a safer place to rest. They stayed within speaking distance of their foreman to be ready to start when he told them he was ready to go.

We have examined the cases cited by petitioner where compensation was denied for injuries sustained during a rest period, but the facts were very different from the facts in the instant case. In the case of Pacific Fruit Express Co. v. Industrial Commission of Arizona (Ariz.) 258 Pac. 253, an employee, whose work was to sweep out cars and yards, was resting by sitting under a car on the tracks, when the car was moved suddenly and the employee was killed. The court in that case held the employer was not liable, for that at the time of his death the employee was doing something entirely and wholly foreign to his employment, and was away from the place he was required to work. He was seeking personal convenience. and the injury did not arise out of and in the course of his employment.

Petitioner also cites the case of In Hurley's Case (Mass.) 134 N. E. 252, where the claimant in going from the blower room to the forge went upon a beam supporting the building. for the purpose of getting his raincoat, and then attempted to use such beam as a footpath in passing to another building, and fell and was injured, and it was held his acts did not arise out of and in the course of his employment. The facts in that case are clearly distinguishable from the facts here. In that case the claimant was on a mission for himself, his walking over the beams in rainy weather was his own choosing. and had nothing to do with his work there. In the instant case, the claimant was resting at the particular place where they stopped work, and when the foreman said it was time to resume work, he was in the act of resuming his duties, when he became entangled in the bull rope, which was started in motion, by the foreman releasing the clutch, which bull rope entanglement threw claimant into the bull wheel, thereby injuring him as found by the Commission.

In the case of Thomas v. Proctor & Gamble Mfg. Co. (a Kansas case) 179 Pac. 372, wherein an employee was injured during the half hour at noon that she had for lunch and rest, the first paragraph of the syllabus is as follows:

"In an action under the Workmen's Compensation Law there was evidence that the plaintiff, a 17-year old girl, who was paid by the hour, was injured during a half-hour intermission at noon while, although at liberty to leave the premises, she remained there, and, after eating her lunch, engaged with fellow employees, in accordance with a custom known to and approved by her employer, in riding on a truck, her injury being caused by falling from the truck while it was being drawn by a fellow employee. Held, that a finding was justified that the accident occurred in the course of her employment."

From our examination of the evidence and the authorities cited, we are of the opinion that there is evidence to support the finding of fact by the Commission that claimant's injury arose out of and in the course of his employment, and same is therefore conclusive in this court, and the petition to review and reverse the order and award of the Commission must be, and the same is hereby, denied.

LESTER, Acting C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.