NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOHN SMITH, PETITIONER, v. WARREN MANUFACTUR-
ING COMPANY, RESPONDENT.

This is a claim coming up for determination under the provisions of the New Jersey Workmen's Compensation act in which the facts, briefly stated, are as follows:

On August 10th, 1926, the petitioner, John Smith, was in the employ of the respondent, the Warren Manufacturing Company. On that date Smith had his foot injured in the following manner: A roll of paper, weighing approximately seven hundred pounds, was standing on its round end; there was, however, something under one edge, so that the roll was not standing vertically. Smith was in the act of removing something from the top of the roll, which act caused it to fall over onto its side. The upper edge of the roll came down directly on the petitioner's left foot. Fellow-workmen released him from this position by removing the roll.

Smith's wages were $19.80 per week, calculated on the basis of forty cents per hour for nine hours per day and five and one-half days per week. The question of overtime was raised, but nothing in the record warrants its inclusion in this adjustment. The compensation rate, therefore, will be $13.07.

The petitioner contends that he has not been able to work since the day of the accident. His counsel makes claim for compensation for total disability, basing same upon the case of *Simpson* v. *New Jersey Stone and Tile Co.*, 107 *Atl. Rep.*

36, and 93 *N. J. L.* 250. It does not appear, however, that the medical testimony in the present claim is such as to bring it under the rule laid down in the Simpson opinion. The record in that case was clear and definite as to the nature of the injury and the cause of the disability. The testimony was positive also that the conditions involved created a disability total in character and permanent in quality, and that this condition would remain such unless the arm be amputated. There is no such clarity with respect to the case at bar. Expert medical testimony was presented by four doctors, two for petitioner and two for respondent. Following are extracts from the testimony by petitioner's medical witnesses. Displacement three-eights of an inch downward of the first metatarsus, interfering with use of foot. Might cause pain. Impaired foot ten per cent. Inability to flex or extend toes due to tendons adhering to sheath. Nerves not immediately injured. The pain of which he complains can only be due to nerve caught in scar tissue. The doctor failed, however, to state that this condition actually exists in this case. One doctor for petitioner testified that from his knowledge of the case the petitioner was totally and permanently disabled, basing this on the truthfulness of his statement as to suffering pain. If the pain is not there then there is no disability.

Excerpts from the medical testimony presented by the respondent are as follows: Arch of foot normal. Arch of other foot down more than that of injured foot. Limited motion of toes. Permanent injury limited to fifteen per cent. of foot. X-rays show nothing abnormal. Impairment of function of toes. Cannot account for the pain he complains of. No displacement. Permanent injury twenty per cent. of foot.

Giving consideration to all of the testimony, the evidence seems to me to warrant the conclusion that the petitioner suffers pain, even though the medical examinations fail to discover the cause. A tendon may have become attached to its sheath, and this would account for the pain according to one of the doctors. There was no disagreement among the doctors but that constant pain will impair one's efficiency.

From the testimony in general I conclude that temporary disability extended to the time of the hearing, and I further conclude that fifteen per cent. of total disability is a proper estimate to place on his permanent injury.

\* \* \* \* \* \* \* \*

W. E. STUBBS,
*Deputy Commissioner.*