ROSE v. STEVENS & WOOD.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—QUESTION NOT RAISED ON HEARING NOT CONSIDERED ON REVIEW.

Whether injured employee's wife had authority to sign application for review of order by deputy commissioner stopping compensation payments, not having been questioned at hearing before department, may not be raised in Supreme Court.

2. SAME—EVIDENCE—SUFFICIENCY.

Where there was evidence sustaining the findings of the department, its order continuing compensation payments to injured employee was justified.

Certiorari to Department of Labor and Industry. Submitted April 9, 1931. (Docket No. 55, Calendar No. 35,167.) Decided June 1, 1931.

Elisha Rose presented his claim against Stevens & Wood, Inc., employer, and General Accident, Fire & Life Assurance Corporation, Limited, insurer, for compensation. From an order refusing to stop compensation, defendants bring certiorari. Affirmed.

*Robert H. Brucker,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

POTTER, J. Defendants review by certiorari an order of the department of labor and industry refusing to stop plaintiff's compensation.

March 14, 1929, plaintiff was injured while in the employ of Stevens & Wood, Inc. An agreement was entered into to pay plaintiff $18 a week during the period of disability. Compensation was paid plaintiff to January 16, 1930. January 23, 1930, a petition was filed to stop compensation, upon the hearing of which, before a deputy commissioner, compensation was ordered stopped, which order was reversed by the department.

Two questions are presented: It is claimed that inasmuch as the application to the department of labor and industry to review the order of the deputy commissioner was signed by plaintiff's wife and no application for review was filed, signed by plaintiff or his attorney, until after the lapse of the statutory period, the department of labor and industry was without jurisdiction to enter the order complained of. The authority of plaintiff's wife to sign the application for review was not questioned at the hearing. Had it been, her authority might have been established. The question cannot be here raised for the first time. It is claimed the evidence

does not sustain the findings of the department. There was evidence to sustain the findings. The department's order is affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.