BLACKMAN *v.* BUCK CONSTRUCTION CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—JUDGMENT—FORMER ADJUDICATION.

Defendants' claim that order of department of labor and industry dismissing plaintiff's petition for further compensation constituted former adjudication may not be raised for first time in Supreme Court.

2. SAME—CHANGED CONDITION—JURISDICTION OF DEPARTMENT.

Where plaintiff's petition for further compensation sufficiently alleged change in his condition due to original accident since dismissal of former petition, department had jurisdiction to act.

3. SAME—EVIDENCE OF CHANGED CONDITION JUSTIFIED AWARD OF FURTHER COMPENSATION.

Testimony that injury to plaintiff's knee resulted in changed condition necessitating amputation of leg justified award of further compensation by department.

Appeal from Department of Labor and Industry. Submitted June 5, 1931. (Docket No. 115, Calendar No. 35,769.) Decided October 5, 1931.

Spencer B. Blackman presented his claim against Buck Construction Company, employer, and Builders & Manufacturers Mutual Casualty Company, insurer, for an accidental injury while in defendant's employ. From an award of compensation, defendants appeal. Affirmed.

*William McKinley Bell,* for plaintiff.

*Kelley, Sessions & Warner,* for defendants.

POTTER, J. Plaintiff, employed by Buck Construction Company, was injured, January 8, 1929, by slipping on the steps coming out of a basement, injuring his knee. There is no question of his employment, his injury, or the report of a compensable accident by defendant Buck Construction Company. After the accident a claim of compensation was filed, an award of $36 made to plaintiff, and he filed settlement receipt therefor, which was not approved by the department, and went back to work. October 9, 1929, plaintiff filed a petition for further compensation, claiming that since January 29, 1929, he had been disabled in the employment in which he was engaged at the time of the injury and was entitled to further compensation. He alleged he had continually suffered from the injury, and was unable to resume work. Upon hearing of this petition it was stipulated by the attorneys for the respective parties there was no disability at the time due to the accident and plaintiff's petition was denied. No appeal was taken from the order denying this petition. October 24, 1930, plaintiff filed a petition for further compensation alleging that because of the injury and of further complications which set in after a long time, at the University hospital at Ann Arbor, petitioner's leg had been amputated. Upon the hearing of this petition before the deputy commissioner it was denied and plaintiff reviewed the order of the deputy commissioner before the department of labor and industry, which reversed the award of the deputy commissioner and awarded plaintiff compensation for 175 weeks at $18 a week. Defendants appeal, claiming the department could not open an award and grant further compensation without showing a change of condition due to the accident; the award circum-

vented the second order, which was unappealed from, and became an adjudication, and there was no testimony to support the commission's award. That the order of the department of labor and industry dismissing claimant's petition of October 9, 1929, constituted former adjudication was not raised below and cannot be raised in this court for the first time.

Plaintiff's last petition sufficiently alleged a change of condition due to the accident and conferred jurisdiction upon the commission to act. There was testimony the injury from which plaintiff suffered and his subsequent condition were the probable result of such injury. We cannot say upon the record there was no testimony to support the award of the department of labor and industry, which is affirmed, with costs.

BUTZEL, C. J., and CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred with POTTER, J.

WIEST, J. (*concurring in result*). I concur in the result. The record is somewhat unsatisfactory, but, I think, fairly discloses that the claim of *res adjudicata* was presented at the hearing before the commission. The point was discussed in the opinion by the commission and held to be of no avail, because of a material change in plaintiff's condition, traceable to the injury and resulting in the loss of his leg. There was medical testimony sustaining this finding by the commission.

The former finding was an adjudication of plaintiff's claim for compensation as of that date. While it is true that the commission may neither grant nor hold a rehearing (*Harris* v. *Castile Mining Co.*, 222 Mich. 709; *Levanen* v. *Seneca Copper Corp.*,

227 Mich. 592; *Anderson* v. *Ford Motor Co.,* 232 Mich. 500), such is not the case where the physical condition of the injured employee has changed, and the change is traceable to the injury. *Burley* v. *Central Paper Co.,* 221 Mich. 595; *Miller* v. *Keene,* 232 Mich. 596.