KOLBAS *v.* AMERICAN BOSTON MINING CO.

1. WORKMEN'S COMPENSATION—CERTIORARI—QUESTIONS REVIEWABLE.
   On appeal in nature of certiorari to department of labor and industry Supreme Court will not review matters not presented to department.

2. SAME—PETITION TO STOP COMPENSATION—PAYMENTS—JURISDICTION—QUESTIONS REVIEWABLE.
   Since whether or not compensation was paid to within 15 days before petition to stop was filed may be a question of fact upon which the department of labor and industry must pass after proceedings have been commenced, payment or tender is

not jurisdictional of such petition and question must be raised before department in order to be reviewed on certiorari (2 Comp. Laws 1929, § 8453).

3. SAME—QUESTIONS REVIEWABLE—AMPUTATION.

Issue as to amputation of ends of finger bones to provide flesh cushions at tip *held,* properly before Supreme Court where matter was passed upon by department of labor and industry without objection although not mentioned in petition to stop compensation; the department having power to permit amendments on appeal from a deputy commissioner.

4. SAME—QUESTIONS REVIEWABLE—AMPUTATION—RES JUDICATA.

Contention that matter of amputation of ends of finger bones to provide flesh cushions at tips was rendered *res judicata* by approved agreement for compensation because it arose prior thereto which was not raised or suggested before department *held,* not subject to review by Supreme Court.

5. SAME—EMPLOYEE'S DUTY TO SUBMIT TO REASONABLE MEDICAL AND SURGICAL TREATMENT—OPERATIONS.

An injured employee is under obligation to submit to proper medical and surgical treatment, including operations not attended with danger to life or health or extraordinary suffering if they offer reasonable prospect of relieving him from incapacity or else release employer from obligation to maintain him.

6. SAME—AMPUTATIONS—STOPPING COMPENSATION.

Finding of department of labor and industry that employee's refusal to submit to amputation of ends of finger bones to provide flesh cushions at the tips was unreasonable and consequent order stopping compensation *held,* justified where it is the undisputed medical opinion that such treatment would have resulted in complete industrial recovery.

Appeal from Department of Labor and Industry. Submitted April 14, 1936. (Docket No. 77, Calendar No. 38,815.) Decided June 4, 1936.

Joe Kolbas presented his claim for compensation against American Boston Mining Company, for injuries suffered in defendant's employ. On petition to stop compensation. Award to defendant. Plaintiff appeals. Affirmed.

*Derham & Derham,* for plaintiff.

*M. S. McDonough,* for defendant.

FEAD, J. This is appeal from an award stopping compensation.

August 18, 1934, plaintiff had the ends of three fingers crushed. Proper medical treatment favored the amputation of the tips of the bones in order to provide flesh cushions for them and thus probably result in speedy and full recovery. Plaintiff refused to submit to such treatment. The ends of the fingers are now covered with scar tissue.

September 12th, an agreement for compensation for temporary total disability was made and was approved by the department September 18th. Compensation was paid to February 17, 1935. A check to pay compensation to March 17th was offered plaintiff on condition he would execute a final settlement receipt, which he refused to do.

March 28th, petition to stop compensation was executed but, as appears in the record, it was marked received and filed by the department April 2d, which would be more than 15 days after the last payment and tender of compensation.

The claim in the petition was that plaintiff had fully recovered, had been offered work and refused to accept it. The deputy commissioner found plaintiff entitled to $5 per week for partial disability until further order.

Both parties appealed to the department. In its application for review, defendant made the claim, not included in its original petition to stop, that any present disability of plaintiff was due to his refusal to submit to proper surgical treatment—amputation of tips of the bones. Plaintiff denied that he had re-

fused to permit the surgery and claimed he told the doctor to do whatever he thought best. The department held, as a fact, that plaintiff had refused the treatment, and entered an order to stop compensation, from which plaintiff appeals.

The doctors do not agree wholly upon the efficacy of an operation now. The department did not pass upon plaintiff's present ability to work. Some of the doctors said he had fully recovered and others said he was still 50 per cent. disabled.

Plaintiff's first claim is that the department had no jurisdiction to hear the petition to stop compensation because of violation of 2 Comp. Laws 1929, § 8453:

"No proceedings shall be commenced to stop or reduce compensation unless the compensation provided in the agreement or award is paid or tendered to within fifteen days of the time such proceeding is commenced."

The point was not pleaded, raised nor suggested in any other way before the deputy commissioner or the department, nor until petition for certiorari in this court. It is well settled that this court will not review matters not presented to the department. *Moore* v. *Fleischman Yeast Co.,* 268 Mich. 668; *Raykov* v. *Crittall Casement Window Co.,* 256 Mich. 28; *Blackman* v. *Buck Construction Co.,* 255 Mich. 237; *Rose* v. *Stevens & Wood,* 254 Mich. 224; *Aske* v. *W. E. Wood Co.,* 248 Mich. 327; *Reno* v. *Holmes,* 238 Mich. 572; *Doherty* v. *Township of Grosse Isle,* 205 Mich. 592.

Plaintiff, however, claims that, under the statute, payment or tender of an award to within 15 days before the proceeding is jurisdictional. The rule above mentioned has been applied to the claim first made

in this court, that the department had no jurisdiction because the accident happened in interstate commerce. *Klettke* v. *C. & J. Commercial Driveaway*, 250 Mich. 454.

It seems illogical to hold that the legislature intended payment to within 15 days of petition to stop to be jurisdictional of the right to commence the proceedings in view of the fact that the determination of whether the payment had been seasonably made may be a question of fact upon which the department must pass after the proceedings have been commenced. If the employee may lie in wait for the employer, with this statute, then, by the same token, the employer may ambush the employee with the statute of limitations, 2 Comp. Laws 1929, § 8431, which commences:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer."

We must assume that the legislature intended orderly proceedings, in which issues should be brought to the attention of opposing parties and the department. The reasonable construction, in harmony with the act, is that the payment or tender is not jurisdictional of the petition to stop but, like the statute of limitations (2 Comp. Laws 1929, § 8431), it must be raised before the department in order to be reviewed on certiorari.

Plaintiff also claims the issue of amputation was not before the department because it was not mentioned in the petition to stop compensation. However, it was included in defendant's claim of appeal from the deputy commissioner and, as such, was given consideration by the department. No objection thereto was made by plaintiff. The department

had the power to permit amendments. No rule of the department is cited to indicate that matters · raised in the claim of appeal were not in issue. The record is that it was presented to the department, passed upon without objection, and, therefore, is now before us.

Plaintiff further claims the matter of amputation was rendered *res judicata* by the approved agreement for compensation because it arose prior thereto. The point was not raised or suggested before the department and is not here. *Blackman* v. *Buck Construction Co., supra.*

This leaves the issue, whether plaintiff was obligated to accept the proper surgical treatment.

The duty of an injured employee to submit to proper medical and surgical treatment, including operations, is generally and firmly established. 71 C. J. p. 851; 6 A. L. R. 1260, note; *Jendrus* v. *Detroit Steel Products Co.,* 178 Mich. 265 (L. R. A. 1916 A, 381, Ann. Cas. 1915 D, 476, 4 N. C. C. A. 864). In *Kricinovich* v. *American Car & Foundry Co.,* 192 Mich. 687, this court held the employee obligated to submit to an operation to chisel out callus around a break in a leg bone to relieve nerve pressure. The court said:

"Before the defendant is to be charged, in law or morals, with the duty to compensate him, the claimant should first discharge the primary duty owing to himself and society to make use of every available and reasonable means to make himself whole. * * *

"It is a reasonable and salutary rule that:

" 'If the operation is not attended with danger to life or health, or extraordinary suffering, and if, according to the best medical or surgical opinion, the operation offers a reasonable prospect of restoration or relief from the incapacity from which the workman is suffering, then he must either submit to the operation or release his employers from the obligation to maintain him.' "

The duty to submit to an operation was declared in *O'Brien* v. *Albert A. Albrecht Co.*, 206 Mich. 101 (6 A. L. R. 1257) (hernia); *Myers* v. *Wadsworth Manfg. Co.*, 214 Mich. 636 (to repair severed tendon and lacerated muscles); *Poikanen* v. *Thomas Furnace Co.*, 226 Mich. 614 (minor operations).

Plaintiff does not dispute the rule but urges that it does not cover amputations, citing *Simpson* v. *New Jersey Stone & Tile Co.*, 93 N. J. Law, 250 (107 Atl. 36), as the only discovered case covering amputations and in which the court merely stated that the employee was "not required to undergo a serious operation, such as amputation of the arm at the shoulder." This is a far cry from the minor operation of the cutting of ends of finger bones to provide flesh cushions at the tips. There is no reason why amputations should constitute an exception to the rule, which fully protects the employee from unreasonable hazards and consequences.

At bar, it is the undisputed medical opinion that proper treatment required amputation of the tips of the finger bones and that such treatment would have resulted in complete industrial recovery. The record affords no justification for reversing the finding of the department that plaintiff's refusal to submit to the operation was unreasonable and its order stopping compensation as a consequence.

Affirmed.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.