KOLBAS v. AMERICAN BOSTON MINING CO.

1. WORKMEN'S COMPENSATION—HAND INJURY—REFUSAL TO SUBMIT
TO CURATIVE TREATMENT—FURTHER COMPENSATION.

Refusal of employee to submit to curative treatment for injury
to hand, as to which on former hearing for compensation the
undisputed medical opinion was that complete industrial re-
covery would have been thereby effected, *held*, a bar to relief
on subsequent application for further compensation not raised
by testimony of doctor on the later hearing that, had an opera-
tion been performed, in his opinion it would not have saved
plaintiff from his present disability, occasioned by the injury
to his hand, nor by record failing to show performance of the
operation.

2. SAME—MINER—TOE INJURY—HAND INJURY—UNREASONABLE RE-
FUSAL TO SUBMIT TO CURATIVE TREATMENT—FURTHER COMPENSA-
TION.

On miner's application for further compensation because of
alleged total disability because of a toe injury and subsequent
hand injury resulting in award to plaintiff as prayed, case is
remanded with direction to limit consideration to disability
occasioned by injury to toe by reason of worse condition and
consequent disability after last denial of compensation therefor
where employee because of unreasonable refusal to submit to
curative treatment for hand injury barred himself from sub-
sequently recovering compensation therefor.

Appeal from Department of Labor and Industry.
Submitted January 3, 1939. (Docket No. 21, Calen-
dar No. 40,300.) Decided June 5, 1939.

Joe Kolbas presented his claim against American
Boston Mining Company and Hanna Iron Ore Com-
pany, employers, for compensation for injuries sus-
tained while in defendants' employ. On petition for

further compensation.   Award to plaintiff.   Defendants appeal.   Reversed and remanded.

*Ray Derham,* for plaintiff.

*M. S. McDonough,* for defendants.

Wiest, J.   September 29, 1931, plaintiff, a miner in the employ of defendant company, sustained a fracture of the great toe of his right foot and, by approved agreement, received compensation up to November 17, 1931, when it was stopped by approved final settlement receipt.   He resumed his work as a miner and so continued.   In August, 1934, while so in the employ of defendant, plaintiff had the tips of three fingers of his right hand crushed.   By approved agreement he received compensation for total disability for a time and then, upon his refusal to submit to a curative and rehabilitating operation, his compensation was stopped by the department and the stoppage affirmed by this court in June, 1936.   *Kolbas* v. *American Boston Mining Co.,* 275 Mich. 616.

In March, 1937, plaintiff filed a petition asking compensation for alleged total disability as the result of the injury of September 29, 1931, to the great toe of his right foot, without any mention of claim of injuries to his fingers.

The department, on July 12, 1937, in an opinion, found that plaintiff had: "worked from about six weeks after the accident in 1931 for nearly three years at his occupation as a miner and made no further claim for compensation because of the injury to his right foot.   He apparently was able to do his work satisfactorily and the testimony of defendant's safety engineer so indicates.   Plaintiff, no doubt, is suffering some disability because of the

injury to his hand and his refusal to accept medical treatment, which was offered to relieve that condition, has foreclosed him as far as the accident of August, 1934, is concerned. It appears now that the plaintiff is determined to be compensated for an injustice which he considers has been done because of the hand injury. The fact plaintiff was paid his regular wages as a miner after the injury to his foot surely must establish an earning capacity as a miner. The settlement receipt that stopped compensation on November 17, 1931, was approved and was *res judicata* of his physical condition as affected his earning capacity at that time. Plaintiff has failed to show by a fair preponderance of the evidence such a change in his physical condition as to entitle him to further compensation."

In that opinion the department quoted the testimony of plaintiff relative to the condition of his foot which was strikingly similar to his testimony in a subsequent application we now mention.

February 2, 1938, plaintiff filed another petition for further compensation alleging that he was crippled and totally disabled because of injured hand and foot. Defendant, by answer, averred former adjudication as to hand and foot injuries.

At the hearing before the deputy commissioner counsel for plaintiff stated:

"Plaintiff claims he suffered injury to his foot in 1931; he also claims he suffered injury to his right hand in 1934; he has been paid some compensation for both of those injuries. Now, there have been hearings on those injuries; there was hearing on the hand case on April 30, 1935, and as to that plaintiff claims there has been a change in his condition and lessening of his earning capacity. There was a hearing on the foot case on April 6, 1937. * * * And as to that plaintiff claimed that there

has been a change in condition so as to lessen his earning capacity since that hearing. Those are the two issues. Has this man any increased disability in either his hand or foot since the two hearings?''

Counsel for defendant stood upon the record of claimed former adjudication and refused to take part in the proofs.

It is interesting to note the similarity in the testimony of plaintiff as to total disability occasioned by the foot injury and quoted in the opinion of the department denying further compensation in 1937, and that given at the hearing now under review. The deputy commissioner awarded compensation for disability caused by the injury to the hand on August 18, 1934, stating:

''This award is based on the hand injury of above given date, and has no application to injury of September 29, 1931, which, because of lack of proper notice, was not properly before the deputy commissioner.''

Defendant took an appeal to the department. The department found plaintiff ''totally disabled from engaging in any gainful occupation and further that this condition is attributable to both the toe injury and hand injury,'' and ''that plaintiff is totally disabled as the result of both accidents.''

Defendant reviews by appeal in the nature of certiorari and contends the former denials of compensation for total disability alleged by the plaintiff cannot have increased and bar this application.

It is quite probable that plaintiff's hand has become worse. It was to obviate that very result that his compensation was stopped on his refusal to submit to a curative operation and thus aid in his own rehabilitation. The bar is not lifted by the fact that at the last hearing a doctor testified that, had an

operation been performed, in his opinion, it would not have saved plaintiff from his present disability, occasioned by the injury to his hand. That question was thoroughly threshed out at the time of the stoppage of his compensation because of his refusal to submit to an operation and cannot be reopened. That plaintiff's hand has become worse does not lift the bar fastened by his refusal. The record does not show any subsequent operation. The stoppage remains and bars compensation for disability arising from the injuries to the fingers.

The award is vacated and the case remanded with direction to limit consideration to disability occasioned by the injury of the great toe by reason of worse condition and consequent disability after the denial of compensation in July, 1937.

Defendant will recover costs.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.