**PETTIT MOTOR COMPANY and St. Paul Mercury Indemnity Company, Petitioners,**

v.

**James A. PETTIT and the State Industrial Commission, Respondents.**

No. 38505.

Supreme Court of Oklahoma.

May 31, 1960.

Butler, Rinehart & Morrison, Oklahoma City, for petitioners.

Basil S. Null, Hartshorne, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

James A. Pettit, respondent, filed a claim with the Industrial Commission in which he stated that on February 7, 1956, while in the employ of one of the petitioners, Pettit Motor Company, he sustained a "double hernia, resulting in permanent injury impossible to operate" while lifting a heavy door covered with ice. Claimant filed another claim with said Commission against the Pettit Motor Company wherein he stated that on March 22, 1956, he was helping move a car body in the storage building and one of the boys who was helping released his hold and caused weight to shift onto his left leg resulting in phlebitis and total and permanent disability. The claims were consolidated for hearing.

Following a rather extended hearing on the claims, the trial Commissioner on January 30, 1958, found and held that claimant was "permanently and totally disabled to perform ordinary manual labor as a result of said injury * * * to his left leg causing an aggravation of phlebitis", and compensation was accordingly awarded.

Petitioners appealed from this order to the Commission, sitting en banc. The Commission, sitting en banc, vacated the order of January 30, 1958, and remanded the proceedings for further hearing.

On August 27, 1958, the trial Commissioner who conducted the original hearing entered an order based on the evidence introduced at said original hearing to this effect:

"That claimant sustained an accidental injury, arising out of and in the course of his employment with said respondent on the 22nd day of March, 1956, to his left leg, causing an aggravation of phlebitis.

"That claimant sustained an accidental injury, arising out of and in the course of his employment with said respondent on February 7, 1956, consisting of a double hernia; that at the time of said injury, claimant's wages were sufficient to fix his compensation rate at $28.00 per week.

"That as a result of the double hernia and the injury to the left leg, claimant is permanently and totally disabled, for which he is entitled to compensation of 500 weeks at $28.00 per week, or $14,000.00, less temporary total compensation heretofore paid for 94 weeks, or $2632.00 leaving a balance of $11,368.00, (less tax and attorney fee)."

The last above referred-to order was affirmed by the Commission, sitting en banc, and the petitioners perfected this appeal. Petitioners contend the Commission has not made proper findings on which to base an award as it is error to make an award for total permanent disability arising out of a combination of the hernia and leg injury. Claimant contends that where there is competent evidence reasonably tending to support the award of the Commission, the same will not be disturbed on appeal.

The evidence is conflicting as to whether or not the hernias were operative and whether or not the disability due to the phlebitis of the leg could be treated and corrected by surgery. The evidence is also conflicting as to the extent of the total and permanent disabilities suffered by claimant. However, it is apparent the Commission did not find claimant was totally and permanently disabled as a result of either of the injuries standing alone, but as a result of the combination of the injuries, as the Commission found that "as a result of the double hernia and the injury to the left leg, claimant is permanently and totally disabled." Therefore, the first issue to be determined by this Court is whether or

not the findings of fact are a proper basis for the award entered. If such findings are a proper basis and there is competent evidence reasonably tending to support such findings, the same will not be disturbed by this Court on appeal.

Title 85 O.S.1951 § 22(3) provides that in case of injury resulting in hernia, compensation shall be paid for 14 weeks and cost of the operation; if the hernia results in total permanent disability the employee may receive an award for a total permanent disability. Whether an employee is permanently and totally disabled as a result of his hernia is a question of fact for determination by the Commission. McKissick Products Corp., v. Gardner, Okl, 280 P.2d 718. There is no evidence tending to show, the claimant does not contend, and the Commission did not find that claimant was totally and permanently disabled by reason of his hernia standing alone.

Section 22(3), supra, also provides that compensation for 175 weeks shall be paid for the loss of a leg or the permanent loss of use of a leg. Section 22(1) prescribes what specific injuries shall constitute permanent total disability in the absence of conclusive proof to the contrary. It also provides that "In all other cases, permanent total disability shall be determined in accordance with the facts."

It is readily conceivable that an employee could sustain an injury and have permanent loss of use of his leg and at the same time sustain total and permanent disability as a result of such injury. Whether or not there is permanent total disability would be determined in accordance with the facts. Any other construction placed upon the act would, in effect, nullify the provision that "in all other cases, permanent total disability shall be determined in accordance with the facts." The Legislature recognized the fact that in some instances a permanent total disability might result where there has been no loss of any members of the body and made provisions for such disabilities. Sheldon

Oil Co. v. Thompson, 176 Okl. 511, 56 P.2d 1171; Wilson Lumber Company v. Wilson, 77 Okl. 312, 188 P. 666. Therefore, if claimant's injury to his left leg, which caused an aggravation of phlebitis, rendered the claimant totally and permanently disabled, the Commission could have rendered an award for the same under Section 22(1), supra.

Having determined that an award for total and permanent disability would be a proper basis for entering an award if the evidence disclosed and the Commission found that claimant was totally and permanently disabled as a result of the hernia, or as a result of the leg injury, we will consider the combination of the two injuries.

In Nelson Electric Manufacturing Co. v. Cartwright, Okl., 277 P.2d 163, 164, we held:

"An employee who sustains an accidental injury resulting in a. hernia, and an injury to his back, is entitled to recover statutory compensation. for his hernia and, in addition thereto, compensation for such disability as he has sustained as a result of his back injury alone, but an award for permanent partial disability to the body as a whole based on the combined disability from both injuries will be vacated for further proceedings."

In the body of the opinion we said:

"It is clear from the above physicians' evidence that, in estimating respondent's disability to the body as a whole, they took into consideration the disability resulting from the hernia in connection with the back injury in arriving at their conclusion. This was improper. The ultimate award that may be made under 85 O.S.1951 § 22, subd. 3, for an injury resulting in hernia, except under special circumstances and conditions not here involved, is compensation for 14 weeks and costs of the operation, unless the hernia results in permanent total disability. Where an injury results in a · hernia,

compensation may not be awarded for permanent partial disability to the body as a whole, in addition to the statutory award. Patrick v. City of Tulsa, 200 Okl. 556, 197 P.2d 994, Pioneer Mills Co. v. Webster, 184 Okl. 49, 84 P.2d 642; Barnsdall Oil Co. v. State Industrial Commission, 178 Okl. 242, 62 P.2d 655."

Under the above rule, the claimant is entitled to recover the statutory compensation for the injury resulting in hernia and, in addition thereto, compensation for the disability resulting from the leg injury. It is impossible to determine from the order under consideration what percentage of total disability the Commission attributed to the injury resulting in hernia and what percentage thereof it attributed to the leg injury in finding claimant was totally and permanently disabled. We do know, however, the Commission found the total and permanent disability was a result of both injuries and not as a result of either injury standing alone.

Making findings of fact is a function of the State Industrial Commission and not a function of this Court on appeal. This Court's function is to review the evidence and if the findings by the Commission are reasonably supported by the evidence, sustain the Commission; this Court should not review the evidence and make findings which the evidence reasonably tends to support. To sustain the award, this Court, and not the State Industrial Commission, would be making a finding of fact that claimant was totally and permanently disabled as a result of the leg injury.

The order of the Commission is therefore vacated and remanded for further proceedings. If on further hearing the Commission should find claimant is permanently and totally disabled as a result of the hernia or as a result of the leg injury standing alone, enter an award accordingly; if claimant is not totally and permanently disabled as a result of either standing alone, enter an order determining the percentage of disability attributable to the injury resulting in hernia and the percentage attributable to the leg injury as provided by law.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY and JACKSON, JJ., concur.

WELCH, JOHNSON, BLACKBIRD, and BERRY, JJ., dissent.