TRANSCON LINES and Transport Indemnity Company, Petitioners,

v.

Virgil Earl BROTHERTON and State Industrial Court, Respondents.

No. 42136.

Supreme Court of Oklahoma.

Dec. 19, 1967.

Rehearing Denied April 2, 1968.

George E. Fisher, Oklahoma City, for petitioners.

Harry R. Palmer, Jr., Schwoerke & Schwoerke, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

McINERNEY, Justice.

Under review here is the trial tribunal's decision by which employer was adjudged liable for claimant's permanent total disability to the body as a whole. The decisive question is whether under our Workmen's Compensation Act the employer may be liable for the cumulative effect produced by claimant's accidental knee injury and by his pre-existing non-compensable heart disease, when the latter condition, though admittedly unaggravated and unaccelerated by the injury, renders corrective surgery on the knee dangerous to claimant's life and thereby prevents him from reducing the extent of his aggregate disability.

Claimant sought compensation for disability from an accidental injury to his right knee. This injury resulted in a "chronic torn medial semi-lunar cartilage" with "an acutely locked knee joint." This condition is ordinarily correctible, but claimant could not undergo an operative procedure because the "strain of surgery would be hazardous to his life." He suffers from a pre-existing heart and circulatory disease. At the time of the last accident he also had a prior impairment of the left leg. His loss of function in that leg was "obvious and apparent to an ordinary layman."

The extent of claimant's compensable disability from his last injury to the right knee formed the sole issue in the proceeding under review. The Special Indemnity Fund, which participated in some hearings before the trial judge, stipulated that claimant's prior impairment (in the left leg) rendered him a physically impaired person within the meaning of the Special Indemnity Act, 85 O.S.1961, § 171.

Claimant's expert witness, Dr. G, estimated the disability from the last knee injury at 40–60 per cent loss of use of the right leg; the disability from the prior impairment of the left leg at 20–25 per cent loss of use; and the aggregate disability as permanent and total (to the whole body).

The medical evidence fails to show that claimant's pre-existing cardiac disease was either aggravated or accelerated by the accidental knee injury. Neither is there a showing that the knee injury produced any pathology extending beyond the leg proper so as to affect the body itself. The record discloses merely that the heart condition makes corrective surgery dangerous to claimant's life.

The trial judge determined that the employer was liable for 40 per cent loss of use in the right leg. The court en banc set

this award aside and adjudged the employer liable for permanent total disability to the whole body. The latter award is based on a finding that claimant "has a pre-existing heart condition that makes the leg inoperable and therefore the claimant is permanently and totally disabled."

■ A functional impairment at or above the knee is considered as a "classified", "scheduled" or "specific" injury to a member and is compensated on the basis of disability to the leg. 85 O.S.1961, § 22, subdiv. 3; Ada Iron & Metal Works v. Tarpley, Okl., 396 P.2d 508, 509. The statutory compensation whch may be awarded for a specific injury is expressly limited to allowance of 1) medical expenses under 85 O.S.1961, § 14; 2) temporary partial or total disability not to exceed 300 weeks under 85 O.S.1961, § 22, subdivs. 2 & 4; and 3) the maximum benefits for permanent loss or loss of use from such injury which are scheduled by the terms of 85 O.S.1961, § 22, subdiv. 3. Berger v. Ahuero, 142 Okl. 232, 286 P. 338. If an industrial accident results in multiple injuries, some of which produce the functional loss of a member and others disability to an unclassified portion of the body, the classified and unclassified disabilities must be determined and compensated separately in accordance with the applicable schedules; but this rule does not apply where an unclassified injury, considered in combination with the loss of a member or members, results in permanent total disability. Stoldt Builders, Inc. v. Thomas, Okl., 393 P.2d 875, 877; Ada Iron & Metal Works v. Tarpley, supra [396 P.2d pgs. 509, 510].

■ An injury to a major member, such as a leg, may produce pathology or aggravation extending to, and affecting the body proper, or the "complications" incident to its treatment may conceivably result in disability to the body as a whole. In such cases compensation is authorized beyond the maximum scheduled by statute for the injury to an affected member, since the employer is deemed responsible for all the legitimate consequences flowing from an industrial accident. Wilson Lumber Company v. Wilson, 77 Okl. 312, 188 P. 666; Pettit Motor Company v. Pettit, Okl., 353 P.2d 20, 22; In re Greer, Okl., 356 P.2d 356, 359; Marlar v. Marlar, Okl., 353 P.2d 17, 19.

■ Here, claimant's disability to the body resulted solely from his pre-existing cardiac disease. The heart condition, however disabling, was not aggravated or accelerated by the accident; nor was it affected injuriously by any complications of the medical treatment administered to claimant in order to relieve his compensable knee injury. In short, the cardiac disease cannot be regarded as a legitimate consequence of a compensable injury. While it is true that a workman cannot be subjected to a medical or surgical procedure which would endanger his life, it is equally well established that when, as here, surgery is "contraindicated", claimant cannot be compensated beyond the limits set by the statute for his compensable disability. As a general rule a justifiable refusal to undergo tendered medical or surgical treatment will not operate to either *defeat* or *enlarge* a workman's right to benefits against his employer under the Workmen's Compensation Act. E. L. Mendenhall Company v. Kell, Okl., 359 P.2d 234.

Claimant relies on Aldridge Hotel v. Ford, Okl., 425 P.2d 954. That case is clearly distinguishable from the present. Aldridge holds that when hernia is inoperable because of danger to claimant's life occasioned by a pre-existing heart disease, an award of permanent total disability to the body may be made, if the facts warrant it. The statute governing compensation for hernia *expressly authorizes* an award in terms of disability to the whole body "where the hernia cannot be surgically repaired." The provisions which apply to loss or loss of use of a leg do not contain a comparable grant of authority.

The trial tribunal's finding on which the award rests is that claimant "has a pre-existing heart condition that makes the leg inoperable and therefore the claimant is

permanently and totally disabled." Such finding is clearly insufficient to entitle claimant to the extent of disability awarded. See, Pettit Motor Company v. Pettit, supra.

The award is accordingly vacated and cause remanded with directions to proceed further in a manner consistent with this opinion.

All the Justices concur.