**Laroy Calvin CLARK, Petitioner,**

v.

**KELLER WILLIAMS FURNITURE MANUFACTURING; Hardware Mutual Casualty Company; and State Industrial Court of the State of Oklahoma, Respondents.**

**No. 43040.**

Supreme Court of Oklahoma.

July 1, 1969.

William H. Henderson, Oklahoma City, for petitioner.

Ben A. Goff, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

LAVENDER, Justice.

This proceeding to review an award of the State Industrial Court presents the question of whether that court is authorized by law to enter an award in favor of a claimant, who happens to be a deaf mute, for compensation based upon a reduction in claimant's ability to use his left hand to form "hand signals" or to converse with others using the "sign language", which was the incidental effect of the disability to the claimant's left hand resulting from an industrial accident.

·· The Industrial Court awarded claimant 23% permanent partial disability to his left hand and that award is not disputed by either the claimant or the respondent. The claimant contends, however, that in addition to the percentage of disability awarded to him for the injury to his hand the Industrial Court should have allowed him a certain percentage of disability to the body as a whole based on the resulting impairment of his ability to communicate with others.

The question, as we see it, involves whether the amount of compensation which the Industrial Court is authorized to award a claimant for the loss of a member is exclusive, or is the employer, as claimant contends here, actually liable for any and all "legitimate consequences" flowing from an industrial accident notwithstanding the injury was to a specific member (as distinguished from to the body as a whole).

The claimant directs our attention to cases such as Transcon Lines v. Brotherton (1967), Okl., 438 P.2d 935, and cases therein cited. In the body of that opinion appears the following statement relied on by claimant:

"An injury to a major member, such as a leg, may produce pathology or aggravation extending to, and affecting the body proper, or the 'complications' incident to its treatment may conceivably result in disability to the body as a whole. In such cases compensation is authorized beyond the maximum scheduled by statute for the injury to an affected member, since the employer is deemed responsible for all the legitimate conse-

quences flowing from an industrial accident."

The quotation must be considered in connection with the problem before the court in that case. In that case we vacated an award of the Industrial Court allowing compensation benefits based on an improper combination of disability resulting from an injury to a specific member with an existing heart ailment. The employee could not be operated on because of heart disease. We pointed to the absence of evidence connecting the specific injury to the existing disability saying that there was no evidence that the injury on the job aggravated the existing heart trouble of the claimant and that in the absence of such a showing the Industrial Court was without authority to award the claimant compensation based in any way on the existing heart disability.

The other cases cited by claimant and which are mentioned in Transcon, supra, are similar in scope. That is, they pertained to situations where there was actually a spreading of the disabling effect of an injury from a specific member to the body itself (or to other specific members) resulting in a disability to the body of the claimant in addition to the specific member. In such cases we have repeatedly held that the claimant is not limited to the allowance in the statute for disability to a specific member but may recover an additional amount sufficient to compensate him for his disability.

In each case approving an award in excess of the scheduled allowable amount for a specific injury, however, there was evidence that trauma to the member had a direct effect on either the body of the claimant or to another member or members. No case heretofore decided by this court—or, in fact, by any other court—is cited by claimant or found by us which holds that where the effect of the disability to the member has a result of preventing that person from making a particular use of the affected member that he is thereby entitled to compensation based on the same disability to that member but for an amount in addition to that allowed by the statute. To us, it seems reasonable that the Legislature, in prescribing the maximum amount of compensation one could recover for the loss of a specific member, such as a hand, contemplated compensation for the loss of use of that member for all purposes. The statute with which we are concerned is Title 85 O.S.Supp.1968 § 22 which, after providing a maximum of 200 weeks for the total disability to a hand, provides:

"The compensation for the foregoing specific injuries shall be in lieu of all other compensation except the benefits provided in Section 13354."

In 58 Am.Jur. Workmen's Compensation § 293 at P. 786 appears the following: "Disability incident to or resulting from scheduled injury; prescribed compensation is exclusive."

In cases of injuries to specific members, this court has recognized that regardless of claimant's ability to continue to earn just as much money (or, perhaps even more) than he did before his injury, he is still entitled to receive an award of compensation benefits for permanent disability in keeping with the statutory schedule of benefits for injuries to a specific member. Elk City Cotton Oil Co. v. State Industrial Comm. (1939), 184 Okl. 503, 88 P.2d 615. 99 C.J.S. Workmen's Compensation § 306, pages 1106, 1109. Also, on pages 1109–1110, 99 C.J.S. appears the following:

"* * * the amount awarded must be based solely on the disability due to the loss of a member or part of a member or function, and no distinction is made because of the age of the employee, his intelligence, efficiency, strength, health, condition in life, or the like. * * *"

In Chamberlain v. Bowersock Mills & Power Co. (1939), 150 Kan. 934, 96 P.2d 684, 129 A.L.R. 654, that court had before it for construction a provision very similar to the above quoted portion of our 85 O.S. Supp.1968 § 22. The Kansas statute read: "Whenever the workman is entitled to

**544**

compensation for a specific injury under the foregoing schedule, the same shall be exclusive of all other compensation except the benefits provided in paragraph 1 of this section and no additional compensation shall be allowable * * *." The court said:

"* * *. We think the purpose of the statutory limitation was to prevent 'additional compensation' directly related to or based upon the permanent injury for which allowance is made under the schedule. * * *"

Regardless of whether one refers to claimant's reduced ability to communicate as grounds for the allowance of additional compensation because of "disability to the body as a whole," it is in fact a disability directly related to the inability to make full use of the claimant's hand and it is this particular disability to a specific member which the above quoted provision of 85 O.S.Supp.1968 § 22 has reference. Even if the Industrial Court had found that because of the injury to claimant's hand he has suffered a loss in his ability to communicate, that court was limited to the allowance of the statutory compensation just exactly as if it found that because of the disability claimant could no longer drive an automobile, write, hold a hammer, or do any one of the innumerable things one does with his hands. We conclude that the Legislature intended, when it prescribed 200 weeks for the loss of a hand, to include the loss of that member for all of the purposes and uses to which it might be employed.

We consider the failure of the Industrial Court to pass upon the issue of whether claimant was entitled to additional compensation for the reduction in his ability to communicate as an affirmative determination by that court that it was without authority to make an award based thereon.

The award is sustained.

All of the Justices concur.