## FEALK *v*. ECONOMY BALER CO.

1. EQUITY — JURISDICTION — ADEQUATE REMEDY AT LAW—WHERE QUESTION OF EQUITY JURISDICTION NOT RAISED CASE WILL BE DISPOSED OF ON APPEAL.

   Although the case stated in plaintiffs' bill is one for claimed breach of warranty rather than for equitable jurisdiction, where the point was not raised, the Supreme Court will pass upon the case, upon appeal, in order to end the litigation.

2. SALES—BREACH OF WARRANTY—BURDEN OF PROOF.

   On appeal from a decree in favor of defendant, in a suit by the buyer of a sheet metal baler for the cancellation of certain notes given in payment of said machine, and for an accounting, on the ground of breach of warranty, where the record shows that the plaintiffs failed to establish their case by a preponderance of the evidence, the burden being upon them, the decree of the court below will be affirmed.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 10, 1923. (Docket No. 47.) Decided June 4, 1923.

Bill by Samuel Fealk and Israel Fealk, copartners as Fealk Iron & Metal Company, against the Economy Baler Company to rescind a contract for the purchase of a machine, and for an accounting. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Ralph M. Tate* and *Grosner & Burak*, for plaintiffs.

*C. H. & G. M. Lehman*, for defendant.

MOORE, J. Plaintiffs are dealers in scrap iron and metals, and purchased a sheet metal baler of defendant for use in their business, paid $1,400 on the purchase price and gave their notes for $3,600. The written contract between the parties provided:

"This baler is ordered subject to the following warranty and agreement, viz.: The Economy Baler Co. warrants this baler to be well made and to do good and satisfactory work when properly operated. They further agree to furnish free, at their factory, repairs for any part proving defective within one year."

A baler of the type ordered was installed, and in operating it gears broke. Defendant sent another baler and plaintiffs rejected it, claiming it was defective, and a third baler was sent and installed, and in its use developed a crack in the casting called the "nose," or the front end of the compression box. Plaintiffs then notified defendant:

"You will please take notice that our order, dated June 17th, 1920, for machine to be used in baling sheet steel scrap, 12 ga., or lighter, is hereby revoked, rescinded and cancelled on account of your failure to furnish a machine in good condition and suitable for the purposes required in our order.

"The machine now in our possession fails to meet the specifications, and is held by us at your risk and subject to your disposal, but subject to the return to us of all moneys paid you on our account, plus approximately one hundred twenty-five dollars ($125.00) installation charges."

Suit was brought by the defendant upon one of the notes and plaintiffs filed the bill herein to obtain a decree cancelling and setting aside the agreement mentioned and for the surrender of the notes held by the defendant, and to require the defendant to come to an accounting with the plaintiffs in regard to the moneys already expended by plaintiffs in making payments upon the machine, installation expenses and repairs, and to have execution for the collection thereof. The bill also asked for an order restraining defendant from disposing of the notes. Defendant, by answer, set up the claim that the machine furnished plaintiffs was well able to do good and satisfactory work, if properly operated, and denied the right of the plaintiffs to any relief. There is no allegation in the bill of the insolvency of defendant.

It is difficult to conceive of any equitable jurisdiction in this case. On the face of the bill the case stated is only one for claimed breach of warranty. This point, however, has not been raised, and, in order to end the litigation, we will pass upon the case presented. The issues were tried out and, by invitation of both parties, the trial judge inspected the rejected baler and the operation of one of the balers at another place and, upon the testimony and such inspection, reached the conclusion there had been no breach of the warranty but the trouble with the baler arose from improper operation thereof, and dismissed the bill. Plaintiffs are here by appeal.

The case presents questions of fact only. We are denied the benefit of the inspection accorded the trial judge. We discover no proof that the baler failed to do satisfactory work. The trouble arose from parts breaking in the course of its operation. The contract required defendant "to furnish free, at their factory, repairs for any part proving defective within one year."

A careful reading of this record leads us to agreement with the trial judge. If the baler was adequate and reasonably fit for the work it was warranted to do then plaintiffs were bound to stand by their contract. The plaintiffs failed to show that the baler was inadequate and not reasonably fit for the work. It appears that the baler, when in operation, performed satisfactorily. The trouble arose from parts breaking, and the remedy of plaintiffs in this respect is covered by the contract in requiring defendant to furnish repairs for defective parts. Plaintiffs do not claim that the defendant ever refused, on demand, to furnish repairs for defective parts, as provided by the warranty. We are unable to say, from the evidence, whether the trouble with the baler arose from defective parts or from improper operation. If occasioned by defective parts then plaintiffs should have given defendant an opportunity to remedy the same in accordance with the contract; if from improper operation, then plaintiffs are without remedy.

The baling of sheet metal imperatively demands that no more force be applied to the compression of the pieces to be baled than their reasonable solidification will permit. If more force than this is applied either the machinery must stop or some part of the baler give way. The defendant claims that the trouble with the baler arose from endeavoring to compress the sheet scrap metal into too compact a bale. The burden rested upon the plaintiffs to establish their case by a preponderance of the evidence, and in this they have failed.

The decree is affirmed, with costs to defendant.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.     WIEST, C. J., did not sit.