SCHOOL DISTRICT NO. 3, MT. HALEY TOWNSHIP *v.* STATE BOARD OF EDUCATION.

1. STATUTES—CONSTRUCTION—INTENT.

All provisions of a section of a statute must be considered in construing the section in order to ascertain the legislative intent.

2. SCHOOLS AND SCHOOL DISTRICTS—TRANSFER OF TERRITORY—SCOPE OF APPEAL TO STATE BOARD OF EDUCATION.

The express statutory right of appeal to the State board of education from the failure or refusal of a county board of education, or of joint boards, to transfer lands from one district to another necessarily implies authority on the part of the appellate board to set aside the denial of the prayer of the petition for transfer, and to grant the same if deemed proper (PA 1955, No 269, § 467, as amended by PA 1957, No 135).

3. SAME—TRANSFER OF TERRITORY—CONTIGUITY.

Provision of school code that "only territory contiguous to a district may be transferred" thereto, does not refer to in-

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 358.
[2, 3] 47 Am Jur, Schools §§ 18, 19.
[4] 47 Am Jur, Schools § 25.
[5] 42 Am Jur, Public Administrative Law § 206 *et seq.*
[6] 10 Am Jur, Certiorari § 5 *et seq.*
[7] 14 Am Jur, Costs § 36.

dividual parcels of landowners but rather to the entire area of all of the parcels involved in the petition for transfer (PA 1955, No 269, § 461, as amended by PA 1957, No 135).

4. Same—Transfer of Territory—Time for Appeal.

Appeal by petitioners for transfer of territory from one school district to another who sent their claim of appeal on the ninth day following denial of their petition by the joint county boards of education to the State board of education was within 10-day period permitted by statute, notwithstanding delivery was not stamped by the State board until the twelfth day (PA 1955, No 269, § 467, as amended by PA 1957, No 135).

5. Same—Jurisdiction—Questions Reviewable in Equity.

Trial judge's conclusion in chancery suit to set aside order by State board of education ordering transfer of territory on ground such defendant had not had jurisdiction to make such order, because claim of appeal had not been timely filed, that plaintiff school district was not entitled to raise the issue *held*, proper, where lack of jurisdiction was not raised at the hearing by the State board (PA 1955, No 269, § 467, as amended by PA 1957, No 135).

6. Same—State Board of Education.

Certiorari to the State board of education would have been a proper method of review of its action, where matters of fact were not in dispute leaving only legal issues involved; but plaintiff-appellant is considered bound by determination of such issues by trial court in proceeding in equity.

7. Costs—Construction of Statute.

No costs are allowed in suit between a school district and State board of education involving the construction of a statute (PA 1955, No 269, §§ 461, 467, as amended by PA 1957, No 135).

Appeal from Midland; Holbrook (Donald E.), J. Submitted June 7, 1961. (Docket No. 24, Calendar No. 48,901.) Decided September 22, 1961.

Bill by School District No. 3, Mt. Haley Township, Midland County, against State Board of Education, Merrill Community School District, Oscar Gagne, and other individual property owners to set aside State board order transferring properties from one school district to another. Bill dismissed. Plaintiff appeals. Affirmed.

: *James R. Rood,* for plaintiff.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, and *Eugene Krasicky,* Assistant Attorney General, for defendant State Board of Education.

CARR, J. The individual defendants above named, being respectively the owners of parcels of land located in plaintiff school district, joined in a petition addressed to the county board of education of Midland county to transfer the territory composed of said parcels to the defendant Merrill Community School District. Such proceeding was instituted under pertinent provisions of chapter 5* of the school code of 1955. The petition in question was filed in May, 1958. Pursuant to the statute a hearing was had thereon by the county boards of education of Midland, Saginaw, and Gratiot counties at a joint session held June 4, 1958. On said date an order was entered denying the transfer of the property in question from plaintiff district to the Merrill district. Appeal was taken by the landowners to the State board of education, as provided by the statute, which, following a hearing held on September 26, 1958, entered an order setting aside the determination of the county boards and directing the transfer of the property in accordance with the petition filed.

Plaintiff instituted the present suit in equity in the circuit court of Midland county asserting that the action of the State board was contrary to law and in excess of the jurisdiction conferred on said board by the laws of the State. An order was prayed setting aside the action of the State board and for

* PA 1955, No 269, § 461 *et seq.,* as amended by PA 1957, No 135 (CLS 1956, § 340.461 *et seq.,* as amended [Stat Ann 1959 Rev § 15.3461 *et seq.*]).

such further relief as might be found to be equitable and proper under the circumstances. On behalf of the defendants motions were made to dismiss the bill of complaint, primarily on the ground that the court was without jurisdiction for the reason that the action of the State board of education on appeal thereto was final. Said motions were denied and thereafter the State board of education filed its answer, subsequently adopted by the other defendants, to the bill of complaint, denying that it had acted contrary to law and in excess of its jurisdiction.

The case was submitted to the circuit judge on a stipulation of facts, and brief testimony with reference to the hearing before the State board of education on September 26, 1958. An opinion was filed by the judge, discussing at some length the various claims raised by counsel for plaintiff. The conclusion was reached therein that none of such claims was tenable, and accordingly a decree was entered dismissing the bill of complaint "with prejudice." From such decree the plaintiff school district has appealed. Motion to dismiss said appeal on the ground that the court of equity was without jurisdiction in the case was submitted to this Court and denied.

The appeal to the State board of education from the order of the joint county boards was taken pursuant to section 467 of the school code, CLS 1956, § 340.467, as amended by PA 1957, No 135 (Stat Ann 1959 Rev § 15.3467), which read as follows:

"Any one or more resident owners of land considered for transfer from 1 district to another, or the board of any district whose territory is affected, may appeal the action of the county board of education or joint boards in transferring such land, or the failure to transfer such land, or the action taken relative to the accounting determination, to the State board of education within 10 days after such action

or determination by the county board of education or the joint boards. If the county board of education or the joint boards fail to take action within the time limit prescribed in section 461, the appeal may be made to the State board of education within 10 days following the termination of the period. Such appeal shall have the effect of holding the effectiveness of the resolution from which appealed in abeyance until the appeal is acted upon by the State board of education.

"The State board of education is hereby empowered to consider such appeals and to confirm, modify or set aside the order of the county board of education or the joint boards and its action on any such appeal shall be final."

Based on the language of the last sentence of the section quoted appellant claims that the State board of education, the 3 county boards concerned by joint action having denied the petition for transfer of property, had no authority to set aside the order and grant the affirmative relief sought by the petitioning landowners.

In construing the section to ascertain the legislative intent all of the provisions thereof must be given consideration. It will be noted that the right to appeal from the failure or refusal of a county board of education, or of joint boards, to transfer lands under circumstances of the nature here involved is expressly granted. Such language necessarily implies authority on the part of the appellate board to set aside a denial of the prayer of the petition for transfer, and to grant the same if deemed proper. If appellant's construction of the final sentence is correct the conclusion would necessarily follow that the legislature had deliberately nullified the right to appeal in the event of a denial of transfer. Applying commonly accepted rules of statutory construction we think that the language of the final

sentence of the section must be interpreted in accordance with the express grant of the right to appeal from an order denying transfer.   The trial judge construed the word "modify" as embracing authority to set aside a denial of a petition and to grant affirmative relief.   Such meaning of the term is, we think, consistent with the obvious intent of the legislature in the enactment of the section quoted.

Appellant further claims that the various parcels of land of the property owners petitioning for transfer must be separately considered, and that only 2 of them, as indicated by an exhibit in the record, were actually contiguous to the Merrill Community School District.   Reliance is placed in this respect on the provision of section 461 of the school code, CLS 1956, § 340.461, as amended by PA 1957, No 135 (Stat Ann 1959 Rev § 15.3461), that:

"Only territory contiguous to a district may be transferred."

It will be noted that the above provision does not refer to individual parcels of landowners but, rather, to "territory."   In the instant case the territory sought to be detached from plaintiff school district and attached to the Merrill district comprised the parcels owned by the individual defendants in the present equity suit, and such territory considered in its entirety was contiguous to the district to which transfer was sought.   The property owners had the right to join in a petition for the transfer of such territory.   Clearly the "area to be detached" from plaintiff school district comprised all of such parcels considered together.   The use of the word "area" in the same section further indicates the legislative intent.   The circuit judge was right in rejecting plaintiff's contention as to the sufficiency of the petition for transfer.

The further question is raised that the appeal was not seasonably taken, that is, not taken within the 10-day period specified in the section of the statute above quoted. The undisputed facts in this regard are that the order of the county boards of education meeting in joint session was made on June 4, 1958. On June 13th following, claim of appeal to the State board of education was sent by registered mail by one of the landowners, on behalf of all of them, to the superintendent of public instruction at Lansing. It was received at the Lansing post office on the same day but was not stamped or marked by the State board of education as delivered to it until June 16th following. There is no explanation in the record before us as to the reason for the delay in actual delivery by the post office, if there was such delay. Obviously the parties claiming the appeal to the State board acted with reasonable promptness and within the time permitted by the statute.

It further appears that at the hearing before the State board of education on September 26, 1958, following the forwarding of the appeal to the Lansing office, no claim was made on behalf of plaintiff herein that the board lacked jurisdiction because of the delay in the actual delivery of the registered claim of appeal to the office of the appellate board. On the hearing in circuit court the secretary of plaintiff board was a witness and testified that he appeared at the hearing in Lansing. He further testified that no claim was there made on behalf of his school district that the appeal to the State board of education had not been made in time. Based on the situation in this respect the trial judge concluded, and properly so, that plaintiff was not entitled to raise the question in the equity suit, citing in this connection *Tinney* v. *City of Grand Rapids,*

274 Mich 364, and *Kolbas* v. *American Boston Mining Co.,* 275 Mich 616.

Inasmuch as the questions of fact involved in the case as submitted to the circuit court were not in dispute the legal issues involved might properly have been raised on review by way of certiorari. However, said issues were determined in circuit court and appellant may properly be considered as bound by the decision in the case instituted in its behalf. As before noted, the decree was entered "with prejudice." We have considered the questions raised by plaintiff on appeal, and the litigation should be regarded as ended. *Fealk* v. *Economy Baler Co.,* 223 Mich 45, 47.

The decree of the circuit court is affirmed. The construction of a statute being involved, no costs are allowed.

DETHMERS, C. J., and KELLY, TALBOT SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.